Opinion by Judge MILAN D. SMITH, JR.; Dissent by Judge WALLACE.
OPINION
M. SMITH, Circuit Judge:
In this diversity class action, Jeffrey Benko and several others (collectively the *1115 Plaintiffs) sued the Defendant companies, alleging that they engaged in illegal debt collection practices in the course of carrying out non-judicial foreclosures. The Plaintiffs initially filed the action in the Eighth Judicial Court of the State of Nevada, but the Defendants removed the action to federal district court under the Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332(d), 1453, 1711. The district court held that it had jurisdiction over the class action, but then dismissed the Plaintiffs’ claims under Federal Rule of Civil Procedure 12(b)(6).
We reverse the district court, vacate the district court’s judgment, and remand with instructions to the district court to remand this case to the Eighth Judicial District Court of Nevada for further proceedings. Because Meridian Foreclosure Services (Meridian), a Nevada corporation, is a “significant” defendant for purposes of CAFA’s local controversy exception, 28 U.S.C. § 1332(d)(4)(A), we lack jurisdiction over this action. The district court abused its discretion in denying the Plaintiffs leave to amend their complaint and erred in not considering the Plaintiffs’ Second Amended Complaint (SAC) for purposes of analyzing jurisdiction under CAFA.
FACTUAL AND PROCEDURAL BACKGROUND
I. Factual Background
The Plaintiff class members took out loans against Nevada real properties, and later defaulted on those loans.' The Defendants, who served as trustees on the deeds of trust that were foreclosed, are Quality Loan Services Corporation, Appleton Properties, MTC Financial, Meridian, National Default Servicing Corporation, and California Reconveyance Company. Meridian is the only Defendant domiciled in Nevada.
To foreclose on real property secured debt by private sale, the Defendants were required by Nevada law to send the Plaintiffs a “Notice of Default and Election to Sell Under Deed of Trust.” Among other things, the notices stated that a “breach of obligations ... has occurred” and made a “demand for sale” as a result of the default.
In their SAC, the Plaintiffs alleged that, by virtue of foreclosing on Nevada real property utilizing a private sale, the Defendants engaged in “claim collection” under Nevada Revised Statutes (NRS) Section 649. The Plaintiffs argue that, since Nevada law requires that trustees be licensed, the Defendants’ failure to register as “collection agencies,” as defined in NRS Section 649.020, constituted a deceptive trade practice. The Plaintiffs also claim that the Defendants engaged in unjust enrichment, trespass, quiet title, and elder abuse.
II. Prior Proceedings
On December 19, 2011, the Plaintiffs filed this class action in the Eighth Judicial District Court of the State of Nevada. Shortly thereafter, Defendant Meridian removed the action to federal district court under CAFA. On April 12, 2012, the Plaintiffs attempted to amend their First Amended Complaint (FAC), adding information concerning the claims asserted against Meridian, an in-state Defendant.
The district court held that it had jurisdiction over the class action, but ultimately dismissed the Plaintiffs’ FAC under Rule 12(b)(6) for failure to state a claim. The court held that the SAC did not alter the core allegations made in the FAC and denied the Plaintiffs leave to amend, holding that the amendments were futile.
This appeal followed.
ANALYSIS
In this case, we consider the circumstances under which the CAFA “local eon- *1116 troversy exception” requires remand to an originating state court. This is an issue that our circuit has rarely confronted. See Mondragon v. Capital One Auto Fin., 736 F.Bd 880, 883 (9th Cir.2013); Coleman v. Estes Exp. Lines, Inc., 631 F.3d 1010, 1020 (9th Cir.2011), Our sister circuits, likewise, have considered this issue on only a few occasions. See, e.g., Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc., 655 F.3d 358, 363 (5th Cir.2011); Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 153 (3d Cir.2009); Evans v. Walter Indus., Inc., 449 F.3d 1159, 1163 (11th Cir.2006).
As a threshold matter, CAFA applies to any class action where the aggregate number of members of a proposed plaintiff class is 100 or more. See Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020 (9th Cir.2007). CAFA also requires the removing party to show that “(1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant.” Id. at 1020-21.
These three conditions are clearly met in the present case. The alleged class includes all Nevada residents who were purportedly subject to debt collection activities by the Defendant companies, an aggregate number which is likely in the thousands. Moreover, the claims alleged by the Plaintiffs involve substantial monetary relief, which exceeds the $5,000,000 requirement. For instance, the SAC states that the claims made against Meridian are worth between $5,000,000 and $8,000,000. Finally, there is diversity of citizenship between class members, who are all Nevada citizens, and the Defendants, only one of which is domiciled in Nevada.
CAFA, however, requires that federal courts remand removed CAFA cases to the originating state court when the following three conditions are met:
(I) “greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed”;
(II) at least 1 defendant is a defendant — (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed; and
(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed.
28 U.S.C..§ 1332(d)(4)(A)(i).
The plaintiff bears.the burden of showing that this provision, known as the “local controversy exception,” applies to the facts of a given case. See Mondragon, 736 F.3d at 883; Coleman, 631 F.3d at 1013; Serrano, 478 F.3d at 1024.
We recognize that the “local controversy exception” is a narrow one, particularly in light of the purposes of CAFA. The Eleventh Circuit found, and we agree, that “CAFA’s language favors federal jurisdiction over class actions, and CAFA’s legislative history suggests that Congress intended the local controversy exception to be a narrow one.” Evans, 449 F.3d at 1163. Moreover, the Report issued by the Senate Judiciary Committee in connection with the passage of CAFA recognized, “that abuses are undermining the rights of both plaintiffs and defendants. One key reason for these problems is that most class actions are currently adjudicated in state courts, where the governing rules are applied inconsistently (frequently in a manner that contravenes basic fairness and due process considerations) and where there is often inadequate supervision over litigation procedures and proposed settle *1117 ments.” S.Rep. No. 109-14, 3, 2005 U.S.Code Cong. & Admin. News 3, 5.
A. Which Allegations Should be Considered?
We begin our analysis by determining at what point in the litigation the court should ascertain whether Meridian is “significant” within the meaning of 28 U.S.C. § 1332(d)(4)(A)(i)(II). The Plaintiffs, who attempted to amend their complaint after removal to federal court, contend that we should focus on the allegations in their SAC. The district court denied the Plaintiffs leave to amend the FAC because it concluded that the amendments were futile. We review the district court’s decision for an abuse of discretion. See AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 636 (9th Cir.2012).
The Defendants urge us to follow the reasoning in Sparta Surgical Corporation v. NASD, where we concluded that “jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.” 159 F.3d 1209, 1213 (9th Cir. 1998). Under Sparta Surgical Corporation, we would consider, only the allegations in the FAC, which was the operative complaint at the time the Defendants removed this class action to federal court.
We conclude that Sparta Surgical Corporation does not apply in the present circumstances and that the district court abused its discretion in denying the Plaintiffs leave to amend. We, therefore, analyze Plaintiffs’ SAC to determine the applicability of the local controversy exception. Where a defendant removes a case to federal court under CAFA, and the plaintiffs amend the complaint to explain the nature of the action for purposes 'of our jurisdictional analysis, we may consider the amended complaint to determine whether remand to the state court is appropriate. Unlike the plaintiff in Sparta Surgical Corporation, the Plaintiffs here did not amend the FAC to eliminate a federal question so as to avoid federal jurisdiction. Rather, the Plaintiffs amended the FAC to elaborate on estimates of the percentage of total claims asserted against Meridian, an in-state Defendant, and the dollar value of those claims. The information added by the Plaintiffs is directly related to CAFA’s local controversy exception. Because no countervailing considerations—such as undue delay, prejudice, bad faith, or futility— counseled against amendment, the district court abused its discretion by denying Plaintiffs leave to amend here. See Sonoma Cnty. Ass’n of Retired Employees v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir.2013) (“In general, a court should liberally allow a party to amend its pleading.”); Bowles v. Reade, 198 F.3d 752, 758-59 (9th Cir.1999).
Our holding, that plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA, is necessary in light of Coleman v. Estes Express Lines, Inc., 631 F.3d 1010 (9th Cir.2011). Under Coleman, we may analyze only the allegations in the complaint to determine whether plaintiffs seek “significant relief’ from an in-state defendant and whether the in-state defendant’s “alleged conduct forms a significant basis for the claims asserted.” Id. at 1015. As a result, there is a possibility that a class action may be removed to federal court, with a complaint originally drafted for state court. The state court complaint, in turn, may not address CAFA-specific issues, such as the local controversy exception. By amending their complaint in these circumstances, plaintiffs can provide a federal court with the information required to determine whether a suit is within the court’s jurisdiction under CAFA.
*1118 B. Local Controversy Exception
1. Citizenship of Plaintiffs and Location of Alleged Injuries
To qualify for the “local controversy exception,” the Plaintiffs must first show that greater than two-thirds of the proposed class members are Nevada citizens. 28 U.S.C. § 1332(d)(4)(A)(i)(I). That requirement is easily met here because all the Plaintiffs are Nevada citizens. The Plaintiffs must also demonstrate that the principal injuries they allege occurred in the state of Nevada, 28 U.S.C. § 1332(d)(4)(A)(i)(III), a fact that the Defendants concede.
2. Significant Defendant Test
We next consider whether Meridian’s conduct constitutes “a significant basis” for the Plaintiffs’ claims and whether the Plaintiffs seek “significant relief’ from Meridian. ' 28 U.S.C. § 1332(d)(4) (A) (i) (I I). When construing the meaning of a statute, we begin with the language of that statute. The Supreme Court has stated that “a legislature says in a statute what it means and means in a statute what it says there.” Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). If the statutory text is ambiguous, we employ other tools, such as legislative history, to construe the meaning of ambiguous terms. See United States v. Gonzales, 520 U.S. 1, 6, 117 S.Ct. 1032, 137 L.Ed.2d 132 (1997).
“When a word is not defined by statute, [the Supreme Court] normally construe[s] it in accord with its ordinary or natural meaning,” which can often be discerned by reference to the dictionary definition of that word. Smith v. United States, 508 U.S. 223, 228, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993). Several dictionaries offer complementary definitions of “significant,” with each suggesting that the word essentially means “important” or “characterized by a large amount or quantity.” For example, Black’s Law Dictionary states that “significant” means “[o]f special importance; momentous, as distinguished from insignificant.” Black’s Law Dictionary (10th ed.2014). The American Heritage Dictionary defines the word as “having or expressing meaning; meaningful,” “having or likely to have a major effect; important,” and “fairly large in amount or quantity.” American Heritage Dictionary 1619 (4th ed.2000). We assume that, in CAFA, the word “significant” is used consistently and with the same meaning, as a modifier of “basis for the claims” and “relief.” See Atl. Cleaners & Dyers v. United States, 286 U.S. 427, 433, 52 S.Ct. 607, 76 L.Ed. 1204 (1932) (“[T]here is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning.”).
To determine if the “basis for the claims” against Meridian is important or fairly large in amount or quantity, we compare the allegations against Meridian to the allegations made against the other Defendants. CAFA clarifies that we should look at a defendant’s “basis” in the context of the overall “claims asserted.” 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). This comparative approach is consistent with the reasoning of the Third Circuit in Kaufman, 561 F.3d at 156 (“Whether [the significant basis] condition is met requires a substantive analysis comparing the local defendant’s alleged conduct to the alleged conduct of all the Defendants.”). See also Opelousas, 655 F.3d at- 363 (requiring “more detailed allegations or extrinsic evidence detailing the local defendant’s conduct in relation to the out-of-state defendants”).
Meridian is one of just six Defendants referred to in the SAC. In terms of the overall class, the Plaintiffs allege that *1119 “Meridian conducted illegal debt collection agency activities with respect to thousands of files each year,” and that Meridian’s activities constituted between 15 to 20% of the total debt collection activities of all the Defendants. In Evans, the Eleventh Circuit reasoned that the “significant basis” provision was not satisfied because the plaintiffs had not shown that “a significant number or percentage of putative class members may have claims against [a local defendant].” Evans, 449 F.3d at 1167. By contrast, Meridian foreclosed between 15 to 20% of the homes of all Plaintiffs in the class. Several Plaintiffs then have col-orable claims against Meridian.
To determine if the Plaintiffs claim “significant relief’ from Meridian, we look to the remedies requested by the Plaintiffs in the SAC. See Coleman, 631 F.3d at 1020. The Plaintiffs claim general damages of $10,000 from Meridian, and punitive damages as a result of deceptive trade practices and fraud. The Plaintiffs estimate that the total damages recoverable from Meridian are between $5,000,000 and $8,000,000. Meridian also concedes that the Plaintiffs seek equitable relief, which would significantly increase the overall value of the judgment against Meridian. Cf. id. (“Further, the complaint seeks injunctive relief against, [the local defendant]. There is nothing in the complaint to suggest either that the injunctive relief sought is itself insignificant, or that [the local defendant] would be incapable of complying with an injunction.”). The amounts sought are sufficient to show that the Plaintiffs claim “significant relief’ from a local defendant.
Our analysis is further buttressed by the Senate Judiciary Committee’s findings pertaining to the “local controversy exception.” The Committee Report stated that “[t]his provision is intended to respond- to concerns that class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes.... [A] federal court should bear in mind that the purpose of each of these criteria is to identify a truly local controversy — a controversy that uniquely affects a particular locality to the exclusion of all others.” S.Rep. No. 109-14, 39, 2005 U.S.Code Cong. & Admin. News 3, 38.
In this case, a class of exclusively Nevada Plaintiffs has filed suit against six Defendants, one of which is Nevada domiciled. The alleged misconduct took place exclusively in the state of Nevada. The one Nevada domiciled Defendant was allegedly responsible for between 15-20% of the wrongs alleged by the entire class. The Plaintiffs have met their burden to show that this case qualifies for the “local controversy exception.”
We reverse the district court, vacate the district court’s judgment, and remand with instructions to remand the case to the Eighth Judicial District Court of the State of Nevada, for further proceedings. See Oregon v. Legal Servs. Corp., 552 F.3d 965, 969 (9th Cir.2009).
REVERSED AND REMANDED WITH INSTRUCTIONS