**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EBONY BRIDEWELL-SLEDGE; BETTIE
PERRY, as individuals, on behalf of
themselves and all others similarly
situated,

*Plaintiffs-Appellees*,

v.

BLUE CROSS OF CALIFORNIA, a
California corporation; ANTHEM
BLUE CROSS LIFE AND HEALTH
INSURANCE COMPANY, a California
corporation; THE WELLPOINT
COMPANIES, INC., FKA Doe 1; THE
WELLPOINT COMPANIES OF
CALIFORNIA, INC., FKA Doe 2,

*Defendants-Appellants*.

No. 15-56038

D.C. No.
2:14-cv-04744-
MMM-CW

JERMAINE CROWDER; STACEY
KELLAM; TANYA VARNER, as
individuals, on behalf of themselves
and all others similarly situated,
                *Plaintiffs-Appellants*,


                v.


BLUE CROSS OF CALIFORNIA, a
California corporation; ANTHEM
BLUE CROSS LIFE AND HEALTH
INSURANCE COMPANY, a California
corporation; THE WELLPOINT
COMPANIES, INC.; THE WELLPOINT
COMPANIES OF CALIFORNIA, INC.;
DOES, 1 through 50, inclusive,
                *Defendants-Appellees*.

No. 15-56039

D.C. No.
2:14-cv-04747-
MMM-CW


OPINION

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted
August 3, 2015—Pasadena, California

Filed August 20, 2015

Before:  Dorothy W. Nelson, Barry G. Silverman,
and Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Silverman

## SUMMARY[*]

### Class Action Fairness Act

The panel affirmed in part, and reversed in part, the district court's order remanding one class action to state court and retaining jurisdiction of a second class action; held that the two actions should have been viewed as a single class action when evaluating jurisdiction under Class Action Fairness Act ("CAFA"); and remanded with directions to the district court to treat the class actions as a single consolidated case and remand it in its entirety to state court.

CAFA's local controversy exception to its grant of removal jurisdiction provides that a district court shall decline to exercise jurisdiction where certain requirements are met so that class actions with a truly local focus should not be moved to federal court under CAFA. Only the fourth prong of CAFA's local controversy exception – that no similar class action has been filed against any of the defendants in the preceding three years – was at issue in the appeal.

The panel held that the state court's consolidation of the two class actions prior to removal resulted in a single consolidated action, and, as such, no "other class action" had been filed during the three-year period preceding the filing of the consolidated class action. The panel held, accordingly, that CAFA's local controversy exception applied to this consolidated class action, and the district court was required to remand the entire class action to state court.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

André E. Jardini (argued) and K.L. Myles, Knapp, Peterson & Clark, Glendale, California, for Plaintiffs-Appellants Jermaine Crowder, Stacey Kellam, and Tanya Varner and Plaintiffs-Appellees Ebony Bridewell-Sledge and Bettie Perry.

Jeffrey A. Wortman, James M. Harris, Jill A. Porcaro, and Kiran A. Seldon (argued), Seyfarth Shaw LLP, Los Angeles, California, for Defendants-Appellants/Appellees Blue Cross of California, Anthem Blue Cross Life and Health Insurance Company, The WellPoint Companies, Inc., and The WellPoint Companies of California, Inc.

---

**OPINION**

SILVERMAN, Circuit Judge:

The present appeal involves two similar class actions that were filed against the same defendants, in the same California superior court, on the same day thirteen minutes apart, and that were consolidated by the state court "for all purposes." Despite the fact that the two actions had been consolidated into a single action, Defendants filed two separate notices of removal, citing the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The district court, in evaluating whether it had CAFA jurisdiction over the removed action, analyzed the consolidated case as though it remained two separate class actions, and concluded that CAFA's local controversy exception applied to the first-filed class action, *Bridewell-Sledge v. Blue Cross of California*, but that the exception did not apply to the second-filed class action,

*Crowder v. Blue Cross of California*. The district court remanded *Bridewell-Sledge* to state court while retaining jurisdiction over *Crowder*, the anomalous result of which is that, despite the state court's consolidation of *Bridewell-Sledge* and *Crowder* into a single class action "for all purposes," *Bridewell-Sledge* is now proceeding in state court, while *Crowder* is proceeding in federal court.

We hold that it was improper for the district court to view *Bridewell-Sledge* and *Crowder* as two separate class actions after they had been consolidated by the state court. Under California law, when two actions are consolidated "for all purposes," the two actions are merged into a single proceeding with only one verdict or set of findings and one judgment, and the actions are treated as if only one complaint had originally been filed. *See Hamilton v. Asbestos Corp.*, 998 P.2d 403, 415 (Cal. 2000); *McClure v. Donovan*, 205 P.2d 17, 20 (Cal. 1949). Therefore, the *Bridewell-Sledge*/*Crowder* consolidated class action should have been viewed by the district court as a single class action when evaluating jurisdiction under CAFA. Once it is recognized that the two cases became one, it is clear that CAFA's local controversy exception applies to the consolidated class action, and, therefore, the district court was required to remand the entire *Bridewell-Sledge*/*Crowder* consolidated class action to state court. *See* 28 U.S.C. § 1332(d)(4)(A). We affirm in part, reverse in part, and remand with directions to the district court to treat the class actions a single consolidated case and remand it in its entirety to state court.

## I.  BACKGROUND

On October 20, 2011 at 1:27 p.m., Plaintiffs Ebony Bridewell-Sledge and Bettie Perry filed a putative class action

in San Francisco Superior Court against Defendants Blue Cross of California and Anthem Blue Cross Life and Health Insurance Company, alleging that Defendants failed to properly pay African-American and female employees at a wage rate equal to white or male employees working in the same establishment and performing equal work. The complaint alleged the following state law causes of action: (1) employment discrimination – denial of equal pay based on race – in violation of California's Fair Employment and Housing Act; (2) employment discrimination – denial of equal pay based on gender – in violation of California's FEHA; (3) violation of the California's Equal Pay Act, California Labor Code § 1197.5; and (4) violation of California's Unfair Competition Law, California Business and Professions Code § 17200 *et seq*. The *Bridewell-Sledge* plaintiffs sought to bring these claims on behalf of themselves as individuals and on behalf of the following two classes: "Class A: All African-Americans employed by Defendants within the State of California from September 2007 through the present"; "Class B: All female employees employed by Defendants within the State of California from September 2007 through the present."

A few minutes later that same day, on October 20, 2011 at 1:41 p.m., Plaintiffs Jermaine Crowder and Stacey Kellam, represented by the same counsel as the plaintiffs in the *Bridewell-Sledge* action, filed a putative class action in San Francisco Superior Court against the same set of defendants – Blue Cross of California and Anthem Blue Cross Life and Health Insurance Company – alleging that Defendants have denied them promotions on account of their race and gender. The complaint alleged the following state law causes of action: (1) employment discrimination – race-based employment discrimination in job promotions – in violation

of California's FEHA; (2) employment discrimination – gender-based employment discrimination in job promotions – in violation of California's FEHA; and (3) violation of California's UCL. Like the *Bridewell-Sledge* plaintiffs, the *Crowder* plaintiffs sought to bring these claims on behalf of themselves as individuals and on behalf of the following two classes: "Class A: All African-Americans employed by Defendants within the State of California from September 2007 through the present"; "Class B: All female employees employed by Defendants within the State of California from September 2007 through the present."

Both actions were subsequently transferred to the Los Angeles Superior Court. On September 19, 2013, the *Crowder* plaintiffs moved pursuant to California Code of Civil Procedure §§ 404, 404.1, and 1048(a) to consolidate the *Crowder* action with the *Bridewell-Sledge* action. Defendants opposed consolidation. On November 19, 2013, the state court granted the motion for consolidation and ordered that the *Crowder* action and the *Bridewell-Sledge* action be "consolidated this date for all purposes." The state court further ordered that *Crowder* would be designated the lead case, and that all future filings should be made in only that lead case.

On May 12, 2014, Plaintiffs amended the complaints to add as additional defendants The WellPoint Companies, Inc. and The WellPoint Companies of California, Inc. The new defendants were served with the summons and the amended complaints on May 21, 2014.

After the addition of The Wellpoint Companies, Inc. – a non-California citizen – as a defendant, on June 19, 2014, Defendants removed the *Bridewell-Sledge*/*Crowder*

consolidated class action to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). Despite the fact that *Bridewell-Sledge* and *Crowder* had been consolidated for all purposes by the state court, Defendants filed two separate notices of removal – one for the *Bridewell-Sledge* complaint and one for the *Crowder* complaint. As had the state court, the federal district court subsequently consolidated the two cases for all purposes and for trial.

The district court then entered an Order to Show Cause in *Bridewell-Sledge* as to why the case should not be remanded to state court for lack of subject matter jurisdiction. The OSC directed Defendants to address, among other things, whether the district court was required to decline jurisdiction under CAFA's local controversy exception, 28 U.S.C. § 1332(d)(4)(A). Defendants filed a response to the OSC, and Plaintiffs filed a reply. In addition, Plaintiffs filed a motion to remand the two actions to state court.

On August 28, 2014, the district court discharged the OSC in the *Bridewell-Sledge* action, concluding that it had jurisdiction over the action under CAFA and that Plaintiffs had failed to show that CAFA's local controversy exception applied. In particular, the district court noted that for CAFA's local controversy exception to apply, Plaintiffs were required to show that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." The district court explained that Plaintiffs had failed to make this showing because the record was unclear as to which class

action, *Bridewell-Sledge* or *Crowder*, was filed first.[1]  On that same day, the district court issued an amended OSC in the *Crowder* action.

Plaintiffs provided the district court with evidence showing that the *Bridewell-Sledge* complaint had been filed a few minutes prior to the *Crowder* complaint.  On January 14, 2015, the district court entered an order remanding the *Bridewell-Sledge* action to state court, concluding that CAFA's local controversy exception applied to that action. In that order, the district court concluded that the fact that the two cases had been consolidated had no effect on its removal jurisdiction analysis, citing *Sherman v. Mantle Oil & Gas, LLC*, No. CIV.A. 10-2774, 2011 WL 130240 (E.D. La. Jan. 14, 2011).  Shortly thereafter, on January 29, 2015, the district court discharged the OSC in the *Crowder* action, concluding that it had jurisdiction over that action under CAFA and that CAFA's local controversy exception did not apply.  Still treating the two actions separately, the district court reasoned that because the *Bridewell-Sledge* complaint had been filed a few minutes prior to the *Crowder* complaint, the *Crowder* action could not satisfy the local controversy exception's requirement that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons."

---

[1] The district court also found that the *Bridewell-Sledge* plaintiffs had failed to show that CAFA's home-state controversy exception applied to the action.  In addition, the district court later denied Plaintiffs' motion to remand, concluding that Defendants' notices of removal were timely and that Plaintiffs had failed to show that CAFA's home-state controversy exception applied to the two actions.  These rulings are not at issue in this appeal.

In sum, although consolidated for all purposes into a single class action by the state court prior to removal, the district court's rulings created the incongruous result of ordering the *Bridewell-Sledge* action to proceed in state court and the *Crowder* action to proceed in federal court.

## II. STANDARD OF REVIEW

The defendants in *Bridewell-Sledge* and the plaintiffs in *Crowder* both filed petitions pursuant to 28 U.S.C. § 1453(c)(1) for leave to appeal the district court's respective remand orders, which we granted. We review the district court's remand orders *de novo*. *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1222 (9th Cir. 2014) (en banc). "'We review the construction, interpretation, or applicability of CAFA *de novo*.'" *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 867 (9th Cir. 2013) (emphasis added) (quoting *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012)).

## III.    DISCUSSION

### A.  Removal Jurisdiction Under CAFA

"A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action." *Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th Cir. 2015) (citing 28 U.S.C. § 1441(a)). In the present appeal, Defendants removed the *Bridewell-Sledge* action and the *Crowder* action pursuant to CAFA.

"Congress enacted CAFA in 2005 to 'curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multistate or even national class actions in state courts.'" *Corber*,

771 F.3d at 1222 (quoting *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952 (9th Cir. 2009)). "As a threshold matter, CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.'" *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)(5)).     If these prerequisites are met, CAFA vests federal courts with original diversity jurisdiction over a class action "if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant." *Id.* at 1020–21 (citing 28 U.S.C. § 1332 (d)(2)). "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Id.* at 1021.

The parties do not dispute that the above conditions for CAFA jurisdiction are met in both *Bridewell-Sledge* and *Crowder*. Rather, the parties' dispute in this appeal concerns the applicability of CAFA's local controversy exception.

## B.  CAFA's Local Controversy Exception

CAFA contains several exceptions to its grant of removal jurisdiction, one of which is the local controversy exception. *See Serrano*, 478 F.3d at 1022–23. The purpose of the local controversy exception is "to respond to concerns that class actions with a truly local focus should not be moved to federal court under [CAFA] because state courts have a strong interest in adjudicating such disputes. At the same time, this is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole." S. Rep. No. 109-14, at 39 (2005), *reprinted in* 2005

U.S.C.C.A.N. 3; *see also Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015) ("We recognize that the 'local controversy exception' is a narrow one."); *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010) (per curiam) ("[CAFA's local controversy exception] is intended to 'identify . . . a controversy that uniquely affects a particular locality' and to ensure that it is decided by a state rather than a federal court." (quoting *Evans v. Walter Indus.*, 449 F.3d 1159, 1163–64 (11th Cir. 2006))).

CAFA's local controversy exception, 28 U.S.C. § 1332(d)(4), is as follows:

> A district court shall decline to exercise jurisdiction under [CAFA] . . .
>
> (A)(i) over a class action in which–
>
> > (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> >
> > (II) at least 1 defendant is a defendant–
> >
> > > (aa) from whom significant relief is sought by members of the plaintiff class;
> > >
> > > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

If the above conditions are met, a district court is *required* to remand the class action back to the originating state court. *See Benko*, 789 F.3d at 1116; *Serrano*, 478 F.3d at 1022.

"[T]he burden of proof for establishing the applicability of an exception to CAFA jurisdiction rests on the party seeking remand, which in this case, as in most cases, is the plaintiff." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013). Moreover, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). To the contrary, "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Allen*, 784 F.3d at 633 (quoting *Dart Cherokee*, 135 S. Ct. at 554).

The district court erred in its remand orders by applying a "strong presumption against removal jurisdiction." Because we review the district court's remand orders *de novo*, *see Corber*, 771 F.3d at 1222, we do not apply this presumption in our analysis below.

### C. Applicability of the Local Controversy Exception

Defendants conceded below and do not challenge on appeal that both *Bridewell-Sledge* and *Crowder* satisfy the first three requirements of CAFA's local controversy exception: (1) that more than two-thirds of the plaintiffs are citizens of California; (2) that at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims is a California citizen; and (3) that the principal injuries about which Plaintiffs complain were suffered in California. Therefore, only the fourth prong of CAFA's local controversy exception – that no similar class action has been filed against any of the defendants in the preceding three years – is at issue in this appeal.

Defendants argue that the local controversy exception should not apply to either *Bridewell-Sledge* or *Crowder*, and, therefore, both should remain in federal court. For their part, Plaintiffs argue that both *Bridewell-Sledge* and *Crowder* should be remanded to state court pursuant to the local controversy exception. Specifically, Plaintiffs argue that the state court's consolidation of *Bridewell-Sledge* and *Crowder* prior to removal resulted in a single consolidated class action, and, as such, no "other class action" had been filed during the three-year period preceding the filing of the consolidated class action. We agree with Plaintiffs.

Although there does not appear to be any circuit court case on this issue, several district courts have held that "under certain circumstances, where two actions are consolidated into a single action, state-ordered consolidation may affect jurisdiction and removability." *In re MTBE Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 353 (S.D.N.Y. 2005); *accord City of Oakland v. Abend*, No. C-07-2142 EMC, 2007 WL 2023506, at *3 (N.D. Cal. July 12, 2007); *Lakewood Prairie, LLC v. Ibarra Concrete Co.*, No. CIV.A. 08 C 1200, 2008 WL 3982510, at *3 (N.D. Ill. May 27, 2008); *see also, e.g.*, *Cottman Transmission Sys., LLC v. Bence*, No. CIV.A. 03-5467, 2004 WL 98594, at *2 (E.D. Pa. Jan. 15, 2004) (collecting cases). In particular, these courts have found that state court consolidation will affect the district court's analysis of removal jurisdiction where the state court's consolidation order "destroys the identity of each suit and merges them into one." *Abend*, 2007 WL 2023506, at *3; *see also Bence*, 2004 WL 98594, at *2 (determining that state court consolidation affected the district court's removal jurisdiction analysis where the consolidation order "makes clear that the combined actions are to be treated as if they had been originally commenced as a single action" (internal quotation marks and citation omitted)). Defendants argue that these cases are distinguishable from the present appeal because in each of these cases, the effect of the state court's consolidation was to create federal jurisdiction, not to destroy it. We do not find Defendants' distinction meaningful. State court consolidation should not be treated as a one-way street where it only affects federal jurisdiction if it creates federal jurisdiction as opposed to nullifying federal jurisdiction.

Prior to removal, the state trial court consolidated *Bridewell-Sledge* and *Crowder* "for all purposes." Under California law, when two actions are consolidated "for all

purposes," "the two actions are merged into a single proceeding under one case number and result in only one verdict or set of findings and one judgment." *Hamilton*, 998 P.2d at 415; *accord Sanchez v. Superior Court*, 250 Cal. Rptr. 787, 789 (Cal. Ct. App. 1988) ("[T]he pleadings are regarded as merged, one set of findings is made, and one judgment is rendered."). And "the cases are to be treated as if the causes had been united originally." *McClure*, 205 P.2d at 20 (internal quotation marks and citation omitted). This California law controls because "we look to state law to determine when an action has been commenced under CAFA." *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007). Accordingly, we conclude that under these circumstances, when examining whether we have federal jurisdiction over *Bridewell-Sledge* and *Crowder* under CAFA, it is necessary to view *Bridewell-Sledge* and *Crowder* as a single consolidated class action that was united originally, rather than as two separate class actions filed at different times.

Once it is recognized that we're dealing with one consolidated case, the applicability of CAFA's local controversy exception becomes clear. When viewed as a single consolidated class action that was filed on October 20, 2011, it is undisputed that no other similar class action was filed against any of the defendants during the preceding three-year period.[2]   Accordingly, CAFA's local controversy

---

[2] In their briefing, Defendants refer to *Strong v. Blue Cross of California* – a similar class action involving the same named plaintiffs, defendants, and lawyers that was pending in state court at the time the complaints in *Bridewell-Sledge* and *Crowder* were filed. Defendants conceded below that the *Strong* action was filed on December 28, 2007, which is more than three years prior to October 20, 2011 – the date that the *Bridewell-Sledge* and *Crowder* complaints were filed. Therefore, the *Strong* action does not

exception applies to the *Bridewell-Sledge*/*Crowder* consolidated class action, and the district court was required to remand the entire consolidated class action to state court. *See* 28 U.S.C. § 1332(d)(4)(A); *Benko*, 789 F.3d at 1116; *Serrano*, 478 F.3d at 1022.

Defendants argue that the state court's consolidation of *Bridewell-Sledge* and *Crowder* for all purposes does not affect the court's CAFA analysis because, they contend, the relevant inquiry under the fourth prong of the local controversy exception looks to the filing dates of the original complaints, and at that time the complaints were two separate actions. We agree with Defendants that the relevant date under the fourth prong is the date when the actions were originally filed, and not some later date, such as the date when the two actions were consolidated. *See McAtee*, 479 F.3d at 1146 ("[F]or the purpose of determining CAFA's effective date, an action is commenced under California law when the original complaint in the action is filed . . . ."). However, Defendants' argument fails to consider that when two actions are consolidated "for all purposes" under California law, "the cases are to be treated as if the causes had been united originally." *McClure*, 205 P.2d at 20 (internal quotation marks and citation omitted); *accord Kropp v. Sterling Sav. & Loan Ass'n*, 88 Cal. Rptr. 878, 885 (Cal. Ct. App. 1970) ("[T]he actions are viewed as if the same plaintiff or plaintiffs had filed a single complaint on joined causes of action against the same defendant or defendants." (internal quotation marks and citation omitted)); *see also McAtee*, 479 F.3d at 1145 ("[W]e look to state law to determine when an action has been commenced under

affect the applicability of the local controversy exception to the *Bridewell-Sledge*/*Crowder* consolidated class action.

CAFA."). Thus, when we examine the relevant filing dates under the fourth prong of CAFA's local controversy exception, we should treat the *Bridewell-Sledge* and *Crowder* complaints as if one single complaint had been filed on October 20, 2011.

In addition, we do not find persuasive Defendants' reliance on *Marple v. T-Mobile Cent., LLC*, No. 10-cv-00954-NKL, 2011 WL 300162 (W.D. Mo. Jan. 27, 2011) and *Gibo v. U.S. Nat'l Ass'n*, No. 12-00514 SOM-RLP, 2013 WL 363140 (D. Haw. Jan. 29, 2013). Neither case involved the consolidation of multiple class actions into a single action by a state court prior to removal. *Marple* merely involved a consolidation by a federal district court after removal for the purposes of "'pretrial proceedings.'" 2011 WL 300162, at *1. *Gibo* did not involve any consolidation at all, either by the state court or the federal court.[3] *See* 2013 WL 363140, at *6–7; *Lima*, 2013 WL 1296757, at *1. Further, in discounting the effect of the state court's consolidation of *Bridewell-Sledge* and *Crowder* prior to removal, the district court below relied on *Sherman v. Mantle Oil & Gas, LLC*, No. CIV.A. 10-2774, 2011 WL 130240 (E.D. La. Jan. 14, 2011). We also find *Sherman* inapt because it involved a different factual scenario – not as here, the consolidation for all purposes of two state actions prior to removal.

---

[3] In addition, *Gibo* is a findings and recommendations issued by a magistrate judge. *See* 2013 WL 363140 at *12. When the district court adopted the magistrate judge's recommendations, it declined to adopt the magistrate's recommendations regarding the fourth prong of CAFA's local controversy exception. *See Lima v. Deutsche Bank Nat. Trust Co.*, No. 12-00509 SOM RLP, 2013 WL 1296757, at *4 (D. Haw. Mar. 29, 2013).

## D. CAFA's Legislative History

Defendants argue that we should consult CAFA's legislative history in determining whether there is federal jurisdiction over the *Bridewell-Sledge*/*Crowder* consolidated class action. Even assuming it were necessary to consult the legislative history, CAFA's legislative history supports remanding the consolidated class action pursuant to the local controversy exception, and not the position taken by Defendants.

The legislative history shows that the purpose of the local controversy exception is "to ensure that state courts can continue to adjudicate truly local controversies in which some of the defendants are out-of-state corporations." S. Rep. 109-14, at 28. Defendants concede that *Bridewell-Sledge* and *Crowder* satisfy the first three requirements of the local controversy exception, meaning that (1) more than two-thirds of the plaintiffs *are citizens of California*;[4] (2) at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims *is a California citizen*; and (3) the principal injuries about which plaintiffs complain were *suffered in California*. A consolidated class action involving primarily California plaintiffs and California defendants, with only one defendant being an out-of-state corporation, and involving injuries suffered in California constitutes a controversy local to California. Therefore, allowing a California state court to continue to adjudicate that consolidated class action would be entirely in accordance with the purpose of CAFA's local controversy exception.

---

[4] Indeed, Defendants concede that all of the plaintiffs are California citizens.

We recognize that the Senate Report provides: "[I]f a controversy results in the filing of multiple class actions, it is a strong signal that those cases may not be of the variety that th[e local controversy] exception is intended to address." S. Rep. 109-14, at 40. But, the Senate Report goes on to explain that the purpose of the fourth prong of the local controversy exception is "to ensure that overlapping or competing class actions or class actions making similar factual allegations against the same defendant *that would benefit from coordination* are not excluded from federal court by the Local Controversy Exception and *thus placed beyond the coordinating authority of the Judicial Panel on Multidistrict Litigation*." *Id.* at 41 (emphasis added). Elsewhere the Senate Report explains:

> When . . . similar, overlapping class actions are filed in State courts of different jurisdictions, there is no way to consolidate or coordinate the cases. The "competing" class actions must be litigated separately in an uncoordinated, redundant fashion because there is no state court mechanism for consolidating state court cases. The result is enormous waste–multiple judges of different courts must spend considerable time adjudicating precisely the same claims asserted on behalf of precisely the same people. As a result, state courts and class counsel may "compete" to control the cases, often harming all the parties involved. In contrast, when overlapping cases are pending in different federal courts, they can be consolidated under one single judge to promote judicial efficiency and ensure

consistent treatment of the legal issues involved.

*Id.* at 23 (footnote omitted); *see also id.* at 3 ("Multiple class action cases purporting to assert the same claims on behalf of the same people often proceed simultaneously in different state courts, causing judicial inefficiencies and promoting collusive activity."). The above language shows that the purpose of the fourth prong of the local controversy exception and an overall purpose of CAFA is to ensure that similar, overlapping class actions do not proceed before different state courts in an uncoordinated, redundant fashion resulting in inefficiencies. Thus, CAFA sought to create a federal forum where these cases could be coordinated and consolidated before one judge to promote judicial efficiency. *Bridewell-Sledge* and *Crowder* are similar, overlapping class actions. However, prior to removal, they had been consolidated into a single class action proceeding before one judge that would result in a single verdict and a single judgment. Allowing that consolidated class action to proceed in state court is entirely consistent with CAFA's goal of ensuring that overlapping class actions "be consolidated under one single judge to promote judicial efficiency and ensure consistent treatment of the legal issues involved." *Id.* at 23. Defendants fail to provide any further judicial efficiency that could be obtained by removal to federal court.

Finally, Defendants note that the primary purpose of CAFA is ensuring "'[f]ederal court consideration of interstate cases of national importance.'" *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (quoting Class Action Fairness Act of 2005, Pub. L. No. 109–2, 119 Stat. 5). This is true. However, Defendants fail to explain how the present consolidated class action is a case of *national* importance. To

the contrary, the present consolidated class action appears to be largely a local California controversy involving routine employment discrimination claims arising solely under California law. In sum, CAFA's legislative history supports the conclusion that the local controversy exception applies to the present consolidated class action, and that the *Bridewell-Sledge*/*Crowder* consolidated class action should be remanded to state court.

## IV. CONCLUSION

We hold that in evaluating jurisdiction under CAFA, the district court should have viewed *Bridewell-Sledge* and *Crowder* as a single consolidated class action that was united originally, and determined that CAFA's local controversy exception applies to the entire *Bridewell-Sledge*/*Crowder* consolidated class action. We affirm the district court's order remanding the *Bridewell-Sledge* action, and we reverse the district court's order in the *Crowder* action and remand with directions to the district court to treat the cases as a single consolidated case and remand it in its entirety to the Superior Court of the County of Los Angeles for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED WITH INSTRUCTIONS.**

The costs should be borne by the Defendants.