**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARLEY CASTRO and LUCIA MARMOLEJO,<br><br>  Plaintiffs - Appellees,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED; et al.,<br><br>  Defendants - Appellants. | No. 15-16627<br><br>D.C. No. 4:14-cv-05359-YGR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted September 15, 2015
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

ABM appeals the district court's remand of this suit to California state court.

The district court evaluated Castro's motion to remand on the basis of the

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

complaint Castro originally filed in state court, rather than on the basis of the amended complaint Castro filed in federal court.

ABM petitioned for permission to appeal based on the question whether the district court considered the correct complaint. Because ABM removed this case a second time after appealing the first remand order, the district court is currently reviewing Castro's motion to remand on the basis of the amended complaint.

This appeal is moot.

ABM did not challenge or brief on appeal the complex amount-in-controversy issue regarding the original complaint. So this Court cannot evaluate ABM's assertion that the non-PAGA claims, standing alone, would satisfy CAFA's jurisdictional threshold. *See Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487-88 (9th Cir. 2010). The only relief this Court could order, therefore, would be a remand to the district court to consider Castro's motion to remand on the basis of the amended complaint. But the district court is already considering exactly the same issue after the second removal. Any decision we might issue as to whether it should have done so earlier could have no impact on the ultimate question whether this case proceeds in state or federal court. *See Blair v. Martel*, 645 F.3d 1151, 1157 (9th Cir. 2011) (holding that a claim became moot when lower court undertook the very action sought, as an order by the

2

appellate court "to do something faster" could at that point have no effect).  Where resolution of a question "cannot affect the rights of litigants in the case before" an Article III court, the court "loses its power to render a decision on the merits of [the] claim." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014).

The mootness exception for cases "capable of repetition yet evading review" does not apply because this controversy is not "of inherently limited duration." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014).  The issue ABM raises regarding which complaint to consider where a complaint is amended after removal can well arise in contexts allowing for review of the question without mootness concerns.  That happened just recently in *Benko v. Quality Loan Service Corp.*, 789 F.3d 1111, 1117 (9th Cir. 2015).  Because no mootness exception applies, dismissal is proper.  *See W. Coast Seafood Processors Ass'n v. NRDC*, 643 F.3d 701, 705 (9th Cir. 2011).

This appeal is therefore dismissed.