**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50180 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00499-BEN-1 |
| v. | |
| SERGEYI BAZAR, AKA Sergio Bazar, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted November 6, 2017
Pasadena, California

Before: GILMAN,** WARDLAW, and BERZON,[1] Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] This case was submitted to a panel that included Judge Stephen R. Reinhardt. Following Judge Reinhardt's death, Judge Berzon was drawn by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Berzon has read the briefs, reviewed the record, and listened to oral argument.

Sergeyi Bazar appeals his convictions for two counts of sex trafficking by fraud, in violation of 18 U.S.C. § 1591(a), and one count of inducement to travel in commerce for prostitution, in violation of 18 U.S.C. § 2422(a), arising from his massage business in San Diego that offered "happy ending" massages.[2] We review de novo the denial of Bazar's Fed. R. Crim. Pro. 29 motion for judgment of acquittal, as well as whether the jury instructions omitted or misstated an element of a crime. *See United States v. Niebla-Torres*, 847 F.3d 1049, 1054 (9th Cir. 2017); *United States v. Aldana*, 878 F.3d 877, 880 (9th Cir. 2017); *United States v. Kaplan*, 836 F.3d 1199, 1214 (9th Cir. 2016). With regard to challenges to sufficiency of the evidence, "We ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Niebla-Torres*, 847 F.3d at 1054 (internal quotation marks omitted). We review for abuse of discretion the district court's overruling of Bazar's objection to alleged prosecutorial misconduct. *See United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011). We affirm.

1. The district court correctly instructed the jury and properly denied Bazar's Rule 29 motion on his convictions for sex trafficking by fraud under 18

---

[2] The parties stipulate that the term "happy ending massage" means "the manual stimulation of an adult male's penis until ejaculation."

2

U.S.C. § 1591(a).  Section 1591(a) criminalizes, among other things, the recruiting of an individual knowing that fraud will be used to cause that person to engage in a "commercial sex act."  "Commercial sex act" is defined in section 1591(e)(3) as "any sex act, on account of which anything of value is given to or received by any person."  18 U.S.C. § 1591(e)(3).

Bazar argues that the term "commercial sex act" is limited to sexual intercourse for money.  But the "ordinary" and "natural" meaning of "any sex act" includes happy-ending massages.  *See Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1118 (9th Cir. 2015) (noting that the Supreme Court normally construes undefined words in a statute in accord with their ordinary and natural meaning, which can often be discerned by reference to a dictionary); *Sex Act & Sexual*, Oxford Dictionary of English (2010) (defining "sex act" as "a sexual act" and "sexual" as "relating to the instincts, physiological processes, and activities connected with physical attraction or intimate physical contact between individuals"); *Sex Act*, Merriam Webster's Collegiate Dictionary (11th ed. 2003) (defining "sex act" as "an act performed with another for sexual gratification"); *see also Boyle v. United States*, 556 U.S. 938, 944 (2009) (holding in the context of the Racketeer Influenced and Corrupt Organizations Act that "[t]he term 'any' ensures that the definition has a wide reach.").  Accordingly, the district court's instruction that simply reproduced the statutory definition in section 1591(e)(3) was proper.

3

*See United States v. Vazquez-Hernandez*, 849 F.3d 1219, 1225 n.3 (9th Cir. 2017) (holding that district courts' "failure to define a term that was within the comprehension of the average juror" is not prejudicial).

We reject Bazar's argument that we should import the narrower definition of "sexual act" from 18 U.S.C. § 2246(2) into section 1591(a). Congress expressly limited the definitions in section 2246 to its chapter, which does not include section 1591, and chose not to cross reference section 2246 in section 1591. Furthermore, the "goals and objectives" of the statutes are "not completely similar." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524 (1994). Section 2246's definitions apply to a chapter criminalizing sexual abuse, which is punished based on the degree of reprehensibility of the sexual abuse and the type of harm it caused to the victim. *See* 18 U.S.C. § 2241–44. Accordingly, section 2246 lays out two gradations of abusive sexual conduct, the more serious of which is a "sexual act." *Compare id.* § 2246(2) (defining "sexual act") *with id.* § 2246(3) (defining "sexual contact"). In contrast, section 1591 criminalizes sex trafficking, which is punished based on the trafficker's conduct. Accordingly, section 1591 specifies numerous reprehensible means of trafficking, *see* 18 U.S.C. § 1591(a), and a trafficker can be convicted under section 1591 even if his victim did not perform a single commercial sex act, *see, e.g.*, *United States v. Hornbuckle*, 784 F.3d 549, 554 (9th Cir. 2015).

4

2. The district court did not err in rejecting Bazar's argument that insufficient evidence supported his sex-trafficking-by-fraud convictions. To sustain a conviction under section 1591(a), the government had to prove that Bazar was "aware of an established modus operandi" of fraud that would cause his victims to engage in commercial sex acts. *See United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010) ("When an act of Congress requires knowledge of a future action, it does not require knowledge in the sense of certainty as to a future act."). Viewing the evidence most favorably to the prosecution, *Niebla-Torres*, 847 F.3d at 1054, Bazar enticed his victims with promises of lucrative employment and told them that they could choose whether and when to perform happy-ending massages. But once they were under his control, he took all their earnings and told them that they had to perform happy-ending massages exclusively. Further, Bazar provided his victims with the same, pre-printed instruction sheet dictating their answers to potential clients, and he told one victim that he would "take all the money" and "break or ruin [her] life" if she left, and that she was "not the first one" and was "not going to be the last one" because he had had "many like" her. Considering this evidence "in the light most favorable to the prosecution," it was "sufficient to allow any rational trier of fact to find" beyond a reasonable doubt that Bazar knowingly had an established modus operandi of enticing women with promises of lucrative employment, in which the women could decide whether to perform

5

happy-ending massages, and then misappropriating their earnings while forcing them to perform happy-ending massages and other sexual acts. *See United States v. Garrison*, 888 F.3d 1057, 1064 (9th Cir. 2018) (quotation marks omitted).

3. The district court correctly instructed the jury and properly denied Bazar's Rule 29 motion on his conviction for violating 18 U.S.C. § 2422(a), which criminalizes knowingly persuading, inducing, enticing, or coercing "any individual" to travel in commerce "to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." Bazar argues that "prostitution" is limited to sexual intercourse for money. But as of 1986, when Congress enacted the current version of section 2422, "prostitution" encompassed performing happy-ending massages for money. *See, e.g.*, *Greene v. Immigration & Naturalization Serv.*, 313 F.2d 148, 152 n.5 (9th Cir. 1963) (defining prostitution as "offering of the body to indiscriminate lewdness for hire"); *Prostitution*, Black's Law Dictionary (5th ed. 1979) (defining "prostitution" as including "offering or agreeing to perform . . . any unlawful sexual act for hire"). Accordingly, the district court's instruction that "prostitution" is "knowingly engaging in/or offering to engage in a sexual act in exchange for money or other valuable consideration" was proper.

Pre-1986 cases interpreting "prostitution" in section 2422 narrowly, *see, e.g.*, *Caminetti v. United States*, 242 U.S. 470, 487 (1917), do not control because,

6

in 1986, Congress struck out the entirety of section 2422 and rewrote it "in modern form" "to eliminate its anachronistic features." § 5(b); H.R. Rep. No. 99-910, at 1, 8 (1986); Child Sexual Abuse and Pornography Act of 1986, H.R. 5560, 99th Cong., § 5(b) (1986); *see United States v. Reza-Ramos*, 816 F.3d 1110, 1129 (9th Cir. 2016) (indicating that statutory terms are defined by their meaning at the time of reenactment).

4. The district court did not abuse its discretion by concluding that the prosecutor did not engage in misconduct by arguing in rebuttal that defense counsel was "blaming the victim." The prosecutor's use of the term "victim" merely summarized the government's legitimate theory of the case, following a trial that focused heavily on whether or not women who worked for Bazar were victims of a fraudulent scheme. The prosecutor's reference to what the jury might expect from defense counsel generally simply highlighted how defense counsel's closing argument in the present case—that the women were willing and fully informed participants, not victims—aligned with the rest of the trial, and was not done to denigrate defense counsel. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974) (We do "not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through a lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations."). Finally, a "lawyer is entitled to characterize an argument with

7

an epithet as well as a rebuttal," *Williams v. Borg*, 139 F.3d 737, 745 (9th Cir. 1998). It was within the district court's discretion to determine that any inflammatory impact was blunted because the jury had already received instructions that, while the prosecutor labeled the women "victims," they would have to decide "whether they're victims or not victims" based on the evidence.

**AFFIRMED.**