NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN BUSKER, on behalf of himself and all others similarly situated and the general public, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> WABTEC CORPORATION, a Pennsylvania corporation; MARK MARTIN, an individual; DOES, 1 through 100, <br><br> Defendants-Appellees. | No.   17-55165 <br><br> D.C. No. 2:15-cv-08194-ODW-AFM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted August 8, 2018
Pasadena, California

Before:  CLIFTON and CALLAHAN, Circuit Judges, and HOYT,** District Judge.

Plaintiff, John Busker, filed a putative class action in state court alleging

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, sitting by designation.

Wabtec Corporation and its employee, Mark Martin (collectively, "Wabtec"), violated California's prevailing wage law. Wabtec removed the action to federal court under the Class Action Fairness Act ("CAFA"). Busker appeals the district court's denial of his motion to remand the case to state court and the district court's grant of summary judgment. We have appellate jurisdiction under 28 U.S.C. § 1291. We affirm the denial of the motion to remand, and we reject one of Busker's three theories in favor of coverage by the prevailing wage law.[1]

1.      We review a decision denying a motion to remand de novo. *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1111 (9th Cir. 2000). "The local controversy exception to CAFA jurisdiction is a narrow exception," and the plaintiff "bear[s] the burden of showing its application." *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016) (citing *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015)). But if the exception applies, remand is mandatory. *Id.* (citing 28 U.S.C. § 1332(d)(4)).

The local controversy exception has four elements. *See* 28 U.S.C. § 1332(d)(4)(A). The only element at issue here is the presence of a "significant"

---

[1]      Busker's statutory theories present close questions on which the language of the statute and California case law provide no definitive answer. In a concurrently filed order, we certify to the Supreme Court of California a question of state law addressing Busker's two statutory theories. The answer to the certified question is needed to resolve Busker's challenges to the grant of summary judgment.

local defendant. To meet this element, Busker must show that at least one defendant (1) is a citizen of California (2) "from whom significant relief is sought" and (3) "whose alleged conduct forms a significant basis for the claims asserted" in the complaint. 28 U.S.C. § 1332(d)(4)(A)(i)(II). To determine if the plaintiffs seek "significant relief" from the local defendant, the Ninth Circuit "look[s] to the remedies requested" in the complaint. *Benko*, 789 F.3d at 1119. "To determine if the 'basis for the claims' against [the local defendant] is important or fairly large in amount or quantity," the court "compare[s] the allegations against [the local defendant] to the allegations made against the other [d]efendants." *Id.* at 1118.

The only allegations in the complaint specifically about the sole local defendant, Martin, are that he "was an employee, agent, and/or representative of" Wabtec and that he, as a "project manager" of Wabtec, "on behalf of his employer violated, or caused to be violated certain provisions of the Labor Code." Busker does not specifically allege Martin's role in the conduct that is the basis of the complaint.

This case is qualitatively distinct from both *Benko* and *Allen*, the primary cases Busker cites. In both *Benko* and *Allen*, the local defendants were alleged to have acted independently from the other defendants as a principal wrongdoer. In contrast, here, Martin's sole alleged conduct was undertaken as an agent of Wabtec, which is Busker's employer and the real target of his action for unpaid

3

wages. Martin's liability could arise, if at all, only derivatively through his role as an agent of Wabtec. We agree with Wabtec that Busker's non-specific allegations about Martin are insufficient to satisfy the local controversy exception.[2]

2. "We review de novo a district court's grant of summary judgment." *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447 (9th Cir. 2018). The construction of a contract is a question of law we review de novo. *Davis v. Yageo Corp.*, 481 F.3d 661, 673 (9th Cir. 2007).

Busker advances three independent arguments for why he is entitled to a prevailing wage: (1) the "on-board work" performed by Wabtec employees constitutes "construction" and "installation" as those terms are used in California Labor Code § 1720(a)(1); (2) the on-board work is sufficiently related to the "field installation work" performed on the wayside (which the parties agree is covered by the prevailing wage law); and (3) Wabtec is contractually obligated to pay a prevailing wage. We address here only Busker's breach of contract theory.

We agree with Busker that the district court erred in not addressing his breach of contract theory, but we reject his breach of contract theory on its merits. Although Busker raised this theory for the first time in his opposition to the

---

[2] In *Benko*, we held that the district court erred in denying leave to amend and disregarding the plaintiffs' proposed amended complaint. *Benko*, 789 F.3d at 1117. But here, Busker did not proffer to the district court or state in his appellate briefs what new allegations he could make that would satisfy the requirements of the local controversy exception.

4

summary judgment motion, his operative complaint may fairly be read as containing the factual basis for a breach of contract claim. *See Am. Timber & Trading Co. v. First Nat'l Bank of Oregon*, 690 F.2d 781, 786 (9th Cir. 1982) ("A party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case."); *cf. Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (affirming summary judgment where the complaint did not give fair notice of the factual basis for a claim raised for first time in opposition to summary judgment). But we see no basis for holding that Wabtec had a contractual duty to pay a prevailing wage. Busker's case thus turns on the viability of his statutory theories (on which we certified a question to the Supreme Court of California). *See Tippett v. Terich*, 37 Cal. App. 4th 1517, 1534 (1995), *abrogated on other grounds by Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163 (2000) ("[T]he absence of specific contractual obligations on the part of the contractor indicates that the employee has no common-law contract remedies and that he or she must then proceed under a breach of statutory duty theory.").

The denial of Busker's motion to remand the case to state court is **AFFIRMED**.

The foregoing disposition pertains only to the district court's denial of Busker's motion to remand under CAFA and one of Busker's theories for

entitlement to a prevailing wage. As to Busker's remaining arguments challenging the grant of summary judgment, appellate proceedings are stayed pending final action by the Supreme Court of California in response to this court's order certifying a question of state law to that court. This case is withdrawn from submission. The panel retains jurisdiction over further proceedings.