# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 6, 2011

No. 11-30610

Lyle W. Cayce
Clerk

OPELOUSAS GENERAL HOSPITAL AUTHORITY, a Public Trust, d/b/a
Opelousas General Health System,

Plaintiff-Appellee

v.

FAIRPAY SOLUTIONS, INC., LEMIC INSURANCE COMPANY, AND
ZURICH AMERICAN INSURANCE COMPANY

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Louisiana

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:

Defendants FairPay Solutions, Inc. (FairPay), LEMIC Insurance Company (LEMIC) and Zurich American Insurance Company (Zurich) appeal the judgment of the district court holding that the local controversy exception to federal court jurisdiction under the Class Action Fairness Act applies to this class action suit filed by Opelousas General Hospital Authority (Opelousas General) and remanding this case to Louisiana state court. Based on our conclusion that Opelousas General failed in its burden to establish that the conduct of LEMIC, the sole local defendant, forms a significant basis of the

No. 11-30610

claims of the potential class, we vacate the remand order and direct that the case be reinstated on the district court's docket.

I.

Plaintiff Opelousas General Hospital sued three defendants in Louisiana state court for violations of the Louisiana Racketeering Act. The plaintiff class argues that FairPay, a Texas bill review company, reviews the bills from Louisiana hospitals (the plaintiff class) and calculates a recommended payment below the rate required by the Louisiana Workers' Compensation Act.[1] Zurich and LEMIC, insurance companies based in Illinois and Louisiana respectively, apply FairPay's recommended payment when reimbursing the plaintiff hospitals.[2] The plaintiff alleges an enterprise between all three defendants to misappropriate funds using FairPay's under-calculation, arguing that the Louisiana's Racketeering Act makes each member of the enterprise liable *in solido* for the acts of the other.[3]

Defendants removed the case to federal court, asserting jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) (CAFA), and diversity jurisdiction because of the fraudulent joinder of LEMIC. Plaintiff requested discovery to assist in briefing the remand issues. After discovery, Plaintiff moved to remand under CAFA's local controversy exception. The district court concluded that the local controversy exception applied and granted the motion

---

[1] Plaintiff argues that Louisiana law requires the employer (or its insurer) to pay 90% of the billed charges. Defendants respond that Louisiana law allows the payment of the mean of the usual and customary charge, which is what FairPay's calculation purports to achieve.

[2] Along with the payment, LEMIC and Zurich pass along to the hospitals an Explanation of Review form, which states the payment reflects the mean of the usual and customary charge.

[3] The contractual relationship between FairPay and LEMIC forms only through two third-parties, both operating outside of Louisiana. Also, FairPay presents evidence that LEMIC had no knowledge of FairPay prior to this litigation and there existed no communication between LEMIC and Zurich.

2

No. 11-30610

to remand at a hearing, followed by a written order. It did not mention the defendants' arguments of fraudulent misjoinder. The defendants requested permission to appeal, which this court granted.

## II.

We review *de novo* whether the local controversy exception to CAFA jurisdiction should apply in this case. *Preston v. Tenet Healthsystem Mem. Med. Center, Inc.*, 485 F.3d 793, 796 (5th Cir. 2007); *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 272, n.5 (5th Cir. 2009). The plaintiffs bear the burden of establishing that they fall within CAFA's local controversy exception. *Preston*, 485 F.3d at 797; *Frazier v. Pioneer Americas, LLC, 455 F.3d 542, 546 (5th Cir. 2006).* Other courts addressing this question recognize that the exception is intended to be narrow, "with all doubts resolved in favor of exercising jurisdiction over the case." *Evans v. Walter Indus. Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006); *Westerfield v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010)(narrow exception).

Only two aspects of the local controversy exception are at issue in this case.[4] The parties have stipulated that more than two-thirds of the members of

---

[4] The pertinent provisions of 28 U.S.C. § 1332(d)(4) read as follows:

(4) A district court shall decline to exercise jurisdiction under paragraph (2) -

(A)(i) over a class action in which--

    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed;

    (II) at least 1 defendant is a defendant-

        (aa) from whom significant relief is sought by members of the plaintiff class;

        (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

        (cc) who is a citizen of the State in which the action was originally filed; and

    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of

No. 11-30610

the proposed plaintiff class are citizens of Louisiana, that the injuries resulting from the alleged conduct of the defendants were incurred in Louisiana, and that no other class action has been filed in the last three years asserting the same or similar factual allegations against any of the defendants.  Under the remaining two factors, the local controversy exception requires the district court to remand a class action that otherwise satisfies CAFA's jurisdictional requirements if at least one local defendant is a defendant from whom significant relief is sought by members of the class and whose alleged conduct forms a significant basis for the claims asserted.  28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa) and (bb).  Because failure of either element will require reversal, we elect to focus on the second element - whether the alleged conduct of Louisiana defendant LEMIC forms a significant basis for the claims asserted by the proposed plaintiff class.

As a preliminary matter, Opelousas General argues that our inquiry should be limited solely to the allegations of the complaint and that extrinsic evidence should not be considered.  This argument is based on the statute's use of the works "sought" and "alleged" in the key provisions of the local controversy exception. 28 U.S.C. §  1332(d)(4)(A)(i)(II)(aa) and (bb); *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1019 (9th Cir. 2011); *Kaufman v. Allstate New Jersey Insurance Company*, 561 F.3d 144 (3d Cir. 2009).  Whatever the merits of that argument, Opelousas General did not object to the use of extrinsic evidence before the district court and in fact requested discovery and relied on the results of its own discovery as well as the affidavits submitted by the defendants to establish the local controversy exception.  We do not consider arguments on appeal not presented to the district court. *AG Acceptance Corp.,* 564 F.3d 695, 700 (5th Cir. 2009).  Also the doctrine of judicial estoppel bars Opelousas

the defendants on behalf of the same or other persons . . . .

§ 1332(d)(4)(A).

4

No. 11-30610

General from asserting a position in this appeal that is contrary to the position it previously took in the district court. *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996).

Whether we limit our inquiry to the allegations of the complaint or examine the evidence before the district court, we conclude that Opelousas General, who has the burden of proof, has failed to establish that LEMIC's conduct forms a significant basis for the claims asserted. The plain text of 28 U.S.C. § 1332(d)(A)(i)(II)(bb)

> relates the alleged conduct of the local defendant, on one hand, to all the claims asserted in the action, on the other. The provision does not require that the local defendant's alleged conduct form a basis of each claim asserted; it requires the alleged conduct to form a significant basis of all the claims asserted.

*Kaufman*, 561 F.3d at 156. Opelousas General's complaint contains no information about the conduct of LEMIC relative to the conduct of the other defendants, FairPay and Zurich, as it relates to the claims of the putative class of Louisiana hospitals or even lead plaintiff Opelousas General. The allegations center on the legality of FairPay's calculations of payments owed on the workers' compensation claims submitted by the plaintiff hospitals. FairPay recommends reduced reimbursement amounts at rates that FairPay claims meet the requirements of the LWCA. The plaintiffs allege that the recommended reimbursements do not meet the statutory requirements of the LWCA and that Fairpay and the Defendant Insurers, LEMIC and Zurich, achieve the lower reimbursement rate by using a different calculation than the one specified by the LWCA. The plaintiffs further allege that this scheme is a racketeering activity requiring the joint efforts of all of the defendants, rendering them liable in solido. Clearly nothing in the complaint distinguishes the conduct of LEMIC from the conduct of the other defendants. The complaint makes no effort to quantify or even estimate the alleged illegal underpayments made by LEMIC

versus those made by Zurich. The complaint therefore does not allege facts describing LEMIC's conduct so as to establish that LEMIC's conduct forms a significant basis of the plaintiff's claims.

We reach the same result if we look to the evidence submitted by the parties, which adds little to the above analysis. The foundation of plaintiff's claims rest on the allegation that FairPay's review of the claims for reimbursement does not comply with Louisiana law and that LEMIC's and Zurich's reliance on FairPay's reimbursement recommendation results in them underpaying Louisiana hospitals for the workers' compensation outpatient services. Other than conclusory arguments, Opelousas General presents nothing to support any direct contact or communication between the defendants as a group to support its claim of an illegal racketeering enterprise to accomplish these underpayments and the evidence submitted by the defendants tends to show that no enterprise exists. The plaintiff submitted a single Explanation of Reimbursement on which plaintiffs allege that LEMIC misrepresented the method of calculation of the reimbursement. The form also refers questions to FairPay. Although Opelousas General argues that LEMIC and Zurich occupy identical roles in the enterprise, none of this evidence connects LEMIC to Zurich or provides any basis to compare LEMIC's conduct to that of the other defendants to determine whether LEMIC's conduct is significant to the plaintiff's claims.

Nor does it establish that LEMIC's conduct affected all or a significant portion of the putative class. *Kaufman*, 561 F.3d at 156, citing *Evans*, 449 F.3d at 1167 ("[T]he significant basis provision could be satisfied even if not every member of the putative class had a claim against the local defendant, as long as a 'significant number or percentage of putative class members' did have such a claim.") As described by Opelousas General, FairPay is the hub of the alleged enterprise and LEMIC and Zurich are the spokes. FairPay submitted an

affidavit stating that LEMIC is one of more that 100 insurers across the country for whom FairPay reviewed charges by Louisiana hospitals for Louisiana workers' compensation outpatient services. The plaintiff class asserts claims for all of those charges based on FairPay's conduct. However only two insurers, LEMIC and Zurich, are named as defendants. These facts fail to establish that LEMIC's conduct forms a significant basis of the plaintiff's claims.[5]

Opelousas General argues that because the Louisiana Racketeering Act imposes solidary liability on all the defendants who are part of an enterprise violating the act, LEMIC's conduct is necessarily significant because it is equally liable with the other defendants for the entirety of the alleged harm. This argument conflates the requirement that the local defendant's conduct form a significant basis of the claims with the requirement that the local defendant be one from whom significant relief is sought. The Eleventh Circuit noted in a similar case in which the plaintiffs were alleging joint and several liability against the defendants that "the mere fact that relief might be sought against [the local defendant] for the conduct of others (via joint liability) does not convert the conduct of others into the conduct of [the local defendant] so as to also satisfy the 'significant basis' requirement." *Evans*, 449 F.3d at 1167, n.7. Opelousas General cannot rely on its claims of a racketeering enterprise to fill the gaps in proof it is required to provide to establish that LEMIC's conduct forms a significant basis for the claims asserted by the proposed plaintiff class.

---

[5] Both Opelousas General and FairPay submitted statistical evidence in support of their respective positions. We decline to consider those statistics. Opelousas General's statistics on the number of claims within its counsel's office that involve LEMIC and Zurich do not purport to be a representative sample of the putative class. We similarly disregard the statistics submitted by FairPay that recommended bill reductions attributable to LEMIC for relevant charges represented 6.9% of the bill reductions recommended by FairPay to all insurers. FairPay did not provide a comparable statistic for Zurich, the other insurer defendant.

No. 11-30610

This opinion should not be read to require a definitive analysis of the measure of damages caused by each defendant. But more detailed allegations or extrinsic evidence detailing the local defendant's conduct in relation to the out-of-state defendants must be provided than plaintiffs produced in this case to establish this statutory exception.[6]

### III.

Plaintiff Opelousas General failed to meet its burden to establish that the conduct of LEMIC, the local defendant, forms a significant basis for the claims asserted by the plaintiff class and thus that the local controversy exception to CAFA jurisdiction applies in this case. Accordingly we vacate the judgment of the district court remanding this case to state court and direct that the case be reinstated on the district court's docket.

---

[6] Given this disposition of the appeal, we do not reach appellants' fraudulent joinder argument.

8