**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOCELYN ALLEN; LAWRENCE J.
ALLEN; VIVIAN LYNN ALLEN;
CAREN BARNES; EMERY BLESSING;
HORACE BLINER; ROBERT A.
BLINER; JASON BOGART; BRENDA
BRAMMER; BRETNEY A.
BROWNFIELD; DONALD N.
CAMPBELL; DEBORAH JEAN
CETTOLIN; CAROLE DENISE COGGIN;
ROBERT ALLEN COGGIN; ANGELA
COMSTOCK; TIMOTHY EUGENE
CONNOR; CHRISTINE R.
COUNCILMAN; DARYL CRAWFORD;
SHAWN CREED-WOOLERY; ANITA
DECKER; DANIEL DECKER; KERRI
DECKER; SHAWN DECKER; DANIEL
ANDREW DOLLOFF; JACOB DOLLOFF;
TONI RAE DOLLOFF; JEFFREY
DOSCH; KARRIE DOSCH; ALVINE
DRAYTON; PATRICIA ANN DUKE;
JUANITA DUPONT; DONALD WARREN
EDWARDS; TAMMY ELSNER;
MICHAEL PATRICK ETHIER; FAY
FARRINGTON; LARRY D. FORD, SR.;
KENNETH MARK FOREMAN; SHERRI
LEE FOREMAN; MICHAEL GESE;
AIMEE GREEN; JOSH GREEN; LEE
LYNN HARDY; LISA ANN HARDY;
BARRY CURTIS HARMON, II; NICOLE

No. 16-35175

D.C. No.
2:14-cv-00596-
RSM

OPINION

HARMON; DONALD R. HAUPT; KARI
LYN HERNANDEZ; RONALD A. HOLT;
BRIAN JONES; MIKISHA D. JONES;
TATIANA JONES; PHYLLIS KAIN;
ROBERT KENNICOTT; ANDREY
KINAKH; TONY KINGSADA;
MICHELLE KLUSMEYER; SONJA
LAPPING; BRITTNEY LYNN LICKEY;
ROBIN LINDY; WAYNE LINDY;
ASHLEY LISENBY; PAULLET
LITTLEFIELD; DEIDRE LORENZ;
COURTNEY MACISAAC; PAUL
MALAVOTTE; RANDOLPH
MALILONG; ANNISSA MANOLOVITZ;
LISA MARTIN; MARIE MCASKILL;
JILL A. MENTZER; JOHN L.
MENTZER; VICKI L. MILLS; KAREN
MILLSAP; TERRENCE MILLSAP;
KYLIE MOREFIELD; ELIZABETH
MORGAN; TARA MOTT; CECILY
NEILSEN; ANTHONY B. NOCERA;
DIANE C. NOCERA; JESSICA PARKER;
RICHARD PARKER; PATRICIA
PLATTNER; MIKE RAMIREZ;
LUDMILLA REDKA; BRIAN REITZ;
KATHLEEN RISMOEN; MATTHEW
MONTGOMERY ROBERTS; LURA
ELAINE ROBERTSON; JANENE M.
ROLLINS; CLAUDE ROUGHT; DAN
RUDOLPH; DEBORAH A. RYAN;
RICHARD R. RYAN; STEVE SANBORN;
MICHAEL C. SCOTT; DAVEENE KIM
SEARS; GERALD L. SEARS; DARRON

SHOOK; LISA SHOOK; STACIE SIPPO; HAROLD A. SPONBERG; PENNY J. SPONBERG; TRENT B. TESTERMAN; BERNADETTE J. TRANHOLT; ROBIN L. TRANHOLT; JEFFREY A. TREKLA; KAREN R. TREKLA; JESSICA A. VAUGHN; GABRIEL WARREN; MAX WERDEN; TINA WERDEN; STACY WILEY; ANTHONY WILLIAMS; CINDA J. ZITTERICH; RICKY L. ZITTERICH,
*Plaintiffs-Appellees*,

v.

BOEING COMPANY, a Delaware Corporation,
*Defendant-Appellant*,

and

BOEING COMMERCIAL AIRPLANES, a division of Boeing Company; LANDAU ASSOCIATES INC., a Washington Corporation,
*Defendants*.

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted
April 5, 2016—Seattle, Washington

Filed May 5, 2016

Before: Ronald Lee Gilman,[*] Johnnie B. Rawlinson,
and Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Callahan

## SUMMARY[**]

### Class Action Fairness Act / Jurisdiction

The panel affirmed the district court's order remanding
to state court, pursuant to the Class Action Fairness Act's
("CAFA") local controversy exception, a case in which
plaintiffs alleged that The Boeing Company released toxins
into the groundwater around its facility in Auburn,
Washington and that Landau Associates was negligent in
the investigation and remediation of the pollution.

The panel held that the plaintiffs, who are 108 individuals
who have property near the Boeing facility, adequately pled
both that they were seeking "significant relief" from Landau,
and that Landau's alleged conduct formed a "significant
basis" for their claims, as required by CAFA's local
controversy exception, 28 U.S.C. § 1332(d)(4)(A)(i).

---

[*] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S.
Court of Appeals for the Sixth Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

**COUNSEL**

Michael Sylvain Paisner (argued), The Boeing Company, Renton, Washington; Jeffrey M. Hanson, Perkins Coie LLP, Seattle, Washington; Kevin T. Van Wart, P.C., and Bradley H. Weidenhammer, Kirkland & Ellis, Chicago, Illinois, for Defendant-Appellant.

James S. Rogers and Elizabeth J. Donaldson, Law Offices of James S. Rogers, Seattle, Washington; Thomas V. Girardi, David N. Bigelow (argued), and Robert W. Finnerty, Girardi/Keese, Los Angeles, California, for Plaintiffs-Appellees.

**OPINION**

CALLAHAN, Circuit Judge:

Jocelyn Allen and others (Plaintiffs) sued The Boeing Company (Boeing) and Landau Associates (Landau) in Washington state court, alleging that for several decades Boeing released toxins into the groundwater around its facility in Auburn, Washington, and that for over a decade Landau had been negligent in its investigation and remediation of the resulting pollution. Boeing removed the case to the United States District Court for the Western District of Washington, claiming federal jurisdiction based on diversity and the Class Action Fairness Act (CAFA). *See* 28 U.S.C. § 1332(d). The district court remanded the case to state court, finding that there was not complete diversity and that Plaintiffs' action came within the single-event exception to CAFA federal jurisdiction, 28 U.S.C. § 1332(d)(11)(B)(ii)(I). Boeing appealed. We affirmed the

district court's rejection of Boeing's allegation of fraudulent joinder (which would have allowed for diversity jurisdiction), but vacated and remanded, finding that the case did not come within CAFA's single-event exception. *Allen v. Boeing*, 784 F.3d 625, 627 (9th Cir. 2015). We noted that Plaintiffs had also sought remand to the state court pursuant to the local controversy exception, 28 U.S.C. § 1332(d)(4)(A)(i), but because the district court had failed to address this exception, we referred the issue to the district court to consider in the first instance. *Id*. at 637. On remand, the district court held that Plaintiffs' case came within the local controversy exception and again remanded the case to state court.

Boeing appeals, arguing that Plaintiffs have not demonstrated that they seek "significant relief" from Landau, the in-state defendant, and that Landau's conduct does not form "a significant basis of the claims asserted," as required by 28 U.S.C. § 1332(d)(4)(A)(i). We affirm the district court's remand of this case to the state court, holding that Plaintiffs have adequately pled both that they are seeking "significant relief" from Landau and that Landau's alleged conduct forms a "significant basis" for their claims.

## I.

Because we look to the complaint to determine whether the Plaintiffs' action comes within the local controversy exception (*see infra*), we set forth at some length the allegations contained in Plaintiffs' First Amended Complaint ("FAC").

From the 1960s to the 1990s, Boeing used solvents, which allegedly contained hazardous chemicals, in its aircraft-parts manufacturing plant in Auburn, Washington. In 1987, the

Washington State Department of Ecology initiated requirements for the treatment, storage, and handling of hazardous materials.

Plaintiffs are over 108 individuals who allege that for several decades Boeing used materials, chemicals, and solvents that it "knew to be hazardous to human health and harmful to the environment, including the soil and groundwater." Among the solvents allegedly used as degreasing agents for metal parts were tricholoroethylene ("TCE"), tricholorethane ("TCA"), and tetrachloroethylene, also known as percholorlethylene ("PCE"), and possibly dicholorethene. In 2002, Boeing agreed with the State of Washington "to complete a remedial investigation, feasibility study, draft a cleanup action plan, perform cleanup actions, and clean up as necessary to remediate releases of hazardous substances associated with the Boeing Auburn Plant." The agreement provided that Boeing "must identify the probable source of any release of hazardous substances, chemical constituents, horizontal and vertical extent of any releases of hazardous substances, the rate and direction of migration of the hazardous substances," as well as "track and document the contamination concentrations and potential migration." In 2002, Boeing also contracted with Landau "for the investigation and remediation of the Boeing Auburn Plant." Plaintiffs allege that around that time Boeing and Landau identified a plume of volatile organic chemicals ("VOCs"), "including TCE and PCE and their degradation products including vinyl chloride ('VC') in the groundwater" at the Plant, identified a building on the Plant as the likely source of the plume, and noted that the plume had moved off the Plant's property and was continuing to move in the shallow groundwater in a north and/or northwest direction. The FAC further asserts that Boeing and Landau "knew at that time that

the movement of these hazardous substances posed a threat to the health and rights of nearby property owners and residents and their properties," and that both defendants failed to take reasonable actions to investigate and remediate the plume or to warn "nearby property owners and residents of the presence and movement of hazardous substances."

The FAC further alleges that in 2009 Boeing and Landau identified a second plume of pollutants, including TCE and PCE, that was moving off Boeing's property in the groundwater. Plaintiffs reiterate that Boeing and Landau failed to investigate and remediate the pollution and failed to warn the property owners and residents.

In 2013, Boeing and Landau performed samplings in the area of Plaintiffs' homes and informed the residents of the presence of hazardous substances on their properties. The FAC alleges that VOCs have been detected in air samples taken from crawl spaces and homes. It alleges that these VOCs are harmful to humans.[1]

In November 2013, Plaintiffs filed an action against Boeing and Landau in King County Superior Court, asserting state law claims of negligence, nuisance, and trespass against Boeing and negligence against Landau. Plaintiffs allege that Landau owed them a cognizable duty to exercise reasonable care and that it failed to exercise reasonable care in its

---

[1] The FAC alleges that "TCE at even low level exposures cause[s] immune system effects such as immunosuppression or autoimmune disease including increased hypersensitivity, an increased chance of cancer from long-exposure, and defects in human and fetal development." In addition, the FAC asserts that the VOCs break down into VC, which is a known carcinogen, and is "known to cause nerve damage and affect immune reactions."

investigation, remediation, and containment of the hazardous substances. Plaintiffs seek damages from Boeing and Landau for their foreseeable injuries, including "the difference between the current value of their properties and such value if the harm had not been done, the cost of remediation actions, costs of repair or restoration, the value of the use of the continuous trespass, injuries to persons, medical costs, medical monitoring, attorneys' fees and expenses as allowed by law, and consequential damages flowing from the contamination which are the natural and proximate result of [Landau's] conduct."

In April 2014, Boeing, the out-of-state defendant, removed the action to the United States District Court for the Western District of Washington, asserting two independent bases for federal jurisdiction: diversity and CAFA. The district court ruled that Landau, the in-state defendant, had not been fraudulently joined. This meant that there was not complete diversity of citizenship for jurisdictional purposes. At the same time, the district court remanded the case to the state court on the ground that the action came within CAFA's single-event exception. Boeing appealed. We issued an opinion affirming the district court's rejection of Boeing's assertion of fraudulent joinder, but held that Plaintiffs' claims did not fall within the single-event exception.[2] *Allen*, 784 F.3d at 627.

In our prior opinion, we noted that Plaintiffs, in addition to asserting that their claims came within the single-event exception to CAFA jurisdiction, maintained that the action also came within the local controversy exception. *Id*. at 635.

---

[2] Judge Rawlinson dissented from the "portion of the majority opinion reversing the remand of this case to state court." *Allen*, 784 F.3d at 637.

We recognized that our opinion in *Coleman v. Estes Express Lines, Inc*., 631 F.3d 1010 (9th Cir. 2011), set forth the standard for determining whether a complaint came within the local controversy exception. *Allen*, 784 F.3d at 636–37. However, we declined to determine in the first instance whether Plaintiffs' case fits within that exception. *Id*. at 637.

On remand, the district court established a briefing schedule for Plaintiffs' renewed motion to remand to state court pursuant to the local controversy exception. Boeing argued that the exception does not apply because: (1) Landau's conduct was insignificant compared to Boeing's alleged conduct; (2) the relief sought from Landau is insignificant compared to the relief sought from Boeing; and (3) Plaintiffs had failed to establish that Landau owed them a duty.

The district court granted the motion to remand to state court. Citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), the court noted that there was no presumption against removal for CAFA cases. It further noted that the general criteria for a CAFA suit were present: the parties were minimally diverse, the putative class consisted of at least 100 members, and the aggregate amount in controversy exceeded $5 million. The district court noted that Boeing did not dispute that: (1) more than two-thirds of the Plaintiffs were Washington citizens; (2) Landau is a citizen of Washington; (3) Plaintiffs' principal injuries were incurred in Washington; and (4) no similar class action has been filed against Boeing and Landau in the last three years.

The district court found this case to be analogous to *Benko v. Quality Loan Service Corp.*, 789 F.3d 1111 (9th Cir. 2015). The court determined that Plaintiffs' FAC

"demonstrates that Landau's conduct forms a significant basis for their claims." It noted that Landau was one of only two defendants, that the complaint alleged that Boeing and Landau knew in 2002 of the plume of VOCs moving off Boeing's property, and that Boeing and Landau allegedly failed to take reasonable actions to investigate and remediate the pollution. The district court concluded that the complaint's allegations were asserted against both defendants equally and that the complaint sought relief against Landau on behalf of all of the Plaintiffs. The district court commented that "[a]s compared to the other two claims against Boeing, for Nuisance and Trespass, particularly in light of the above factual allegations, the Court finds that the negligence claim against Landau forms a significant basis for the relief sought by Plaintiffs." It further found that, "looking at the claims as a whole, negligence claims account for 50% of the claims asserted by Plaintiffs."

The district court found that the asserted damages were sufficient to show that Plaintiffs sought "significant relief" from Landau. The district court rejected Boeing's objection that Plaintiffs had failed to allege joint-and-several liability because "Plaintiffs have pleaded separate negligen[ce] claims against Boeing and Landau and seek to hold each Defendant responsible for its own negligence and for any monetary amounts resulting therefrom." The district court's discussion of the local controversy exception concluded with the observation that this is the type of class action with a "truly local focus" that the local controversy exception was designed to encompass.[3]

---

[3] Citing our recognition in *Benko* of the role of the local controversy exception, 789 F.3d at 1119, the district court commented:

Finally, the district court noted that because it had previously found that Landau had not been fraudulently joined, and that decision had been affirmed by the Ninth Circuit, "there is no alternative basis for jurisdiction."

## II.

We review de novo a district court's order to remand a case before it to state court. *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1222 (9th Cir. 2014) (en banc). The local controversy exception to CAFA jurisdiction is a narrow exception, and Plaintiffs bear the burden of showing its application. *Benko*, 789 F.3d at 1116. However, if the exception applies, the district court must remand the case to state court. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007); *see also* 28 U.S.C. § 1332(d)(4).

On appeal, Boeing asserts that Plaintiffs' action does not meet the criteria set forth in 28 U.S.C.

Here, a class of exclusively Washington Plaintiffs has filed suit against two Defendants, one of which is Washington domiciled. The alleged misconduct took place exclusively in the State of Washington, and Plaintiffs allege that the Washington Defendant was equally responsible for the negligence alleged by the entire class and which constitutes 50% of the class claims. Plaintiffs also seek equal relief from Defendants for their alleged negligence. Under these circumstances, the Court finds that Plaintiffs have met their burden to show that this case qualifies for the "local controversy exception."

§ 1332(d)(4)(A)(i)(II)(aa) and (bb).[4]   Boeing contends that

---

[4] 28 U.S.C. § 1332(d)(4) states:

(4) A district court shall decline to exercise jurisdiction under paragraph (2)–

(A)(i) over a class action in which–

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant–

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the

Plaintiffs do not seek "significant relief" from Landau, as required by subsection (aa), and that Landau's conduct does not form a "significant basis" for Plaintiffs' claims, as required by subsection (bb).

In reviewing Boeing's claims, we are guided by our prior opinions in *Coleman* and *Benko*. As we noted in *Allen*, 784 F.3d at 636, *Coleman* directs us to look only to the complaint to determine whether these criteria are met. *Coleman*, 631 F.3d at 1015 ("We hold that CAFA's language unambiguously directs the district court to look only to the complaint in deciding whether the criteria set forth in § 1332(d)(4)(A)(i)(II)(aa) and (bb) are satisfied.").

Limiting the court's inquiry to the complaint inherently cabins the amount of detail required to satisfy the local controversy exception. In *Coleman*, we agreed with the Tenth Circuit's statement in *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009), that

> [t]he statutory language is unambiguous, and a "defendant from whom significant relief is sought" does not mean a "defendant from whom significant relief may be obtained." There is nothing in the language of the statute that indicates Congress intended district courts to wade into the factual swamp of

defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

> assessing the financial viability of a defendant
> as part of this preliminary consideration[.]

*Coleman*, 631 F.3d at 1015.  We further reasoned that "factual determinations under subsections (aa) and (bb) are likely to be more expensive and time-consuming than factual determinations of citizenship and amount-in-controversy," and that "Congress was particularly concerned that subject matter jurisdiction determinations be made quickly under CAFA."  *Id*. at 1016.  We noted that "[i]f a determination whether 'significant relief is sought' against the local defendant under subsection (aa) requires a factual determination about the respective ability of the various defendants to satisfy a judgment, that determination has the potential to be expensive and time-consuming."  *Id*.  We concluded:

> A factual determination whether the "alleged conduct" of the local defendant "forms a significant basis for the claims asserted" by plaintiffs under subsection (bb) is particularly likely to be expensive and time-consuming. Such a determination necessarily implicates the merits of the case.  We see nothing in CAFA that indicates a congressional intention to turn a jurisdictional determination concerning the local defendant's "alleged conduct" into a mini-trial on the merits of the plaintiff's claims.

*Id*. at 1017.

   In *Benko*, we applied *Coleman*'s approach to the local controversy exception.  *Benko* held that, in determining

whether a plaintiff has claimed "significant relief" from an in-state defendant, we look to the remedies requested in the complaint. *See Benko*, 789 F.3d at 1119. We noted that (a) the plaintiffs claimed "general damages of $10,000 from Meridian" (the only in-state defendant) as well as punitive damages; (b) "the total damages recoverable from Meridian are between $5,000,000 and $8,000,000"; and (c) plaintiffs sought "equitable relief, which would significantly increase the overall value of the judgment against Meridian." *Id*. We concluded that "[t]he amounts sought are sufficient to show that the Plaintiffs claim 'significant relief' from a local defendant." *Id*.

*Benko* also evaluated whether the plaintiffs alleged that the conduct of the in-state defendant formed a "significant basis" for their claims by comparing "the allegations against Meridian to the allegations made against the other Defendants."[5] *Id*. at 1118. We noted that (a) "Meridian is one of just six Defendants referred to in the [Second Amended Complaint]"; and (b) "Meridian's activities constituted between 15 to 20% of the total debt collection activities of all the Defendants."[6] *Id*. at 1118–19. We

---

[5] We noted that this "comparative approach" was consistent with the reasoning of the Third Circuit in *Kaufman v. Allstate N.J. Ins. Co*, 561 F.3d 144, 156 (3d Cir. 2009), and the Fifth Circuit's reasoning in *Opelousas Gen. Hosp. Auth. v. FairPay Sols.*, *Inc.*, 655 F.3d 358, 363 (5th Cir. 2011). *Benko*, 789 F.3d at 1118.

[6] *Benko* distinguished the Eleventh Circuit's opinion in *Evans v. Walter Industries, Inc*., 449 F.3d 1159, 1167 (11th Cir. 2006), where that court held that the "significant basis" provision was not satisfied because the plaintiffs had not shown that "a significant number or percentage of putative class members may have claims against [a local defendant]." *Benko*, 789 F.3d at 1119 (quoting *Evans*, 449 F.3d at 1167).

therefore concluded that several plaintiffs "have colorable claims against Meridian." *Id*. at 1119.

In *Benko*, we buttressed our analysis by referring to the statement in the Senate Judiciary Committee's Report that the local controversy exception

> is intended to respond to concerns that class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes. . . . [A] federal court should bear in mind that the purpose of each of these criteria is to identify a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others.

*Benko*, 789 F.3d at 1119 (quoting S. Rep. No. 109–14, 39, 2005 U.S. Code Cong. & Admin. News 3, 38).

## A. Significant Relief

Applying the guidance provided by *Benko* to the case at bar, we agree with the district court that Plaintiffs have adequately alleged that they are seeking significant relief from Landau. Boeing contends that Plaintiffs have failed to specify the relief they seek from Landau or provide a basis for comparing that relief to the relief they seek from Boeing. These arguments are not persuasive.

It is true that Boeing's activities over several decades created the hazardous plumes. However, it does not follow that Boeing's liability (if any) for creating the pollutants

necessarily dwarfs Plaintiffs' claims against Landau.  The gist of Plaintiffs' claims is that the movement of the volatile organic chemicals off Boeing's property caused them harm, not that the existence of the chemicals at the Plant harmed them.  Plaintiffs allege that Landau undertook in 2002 to investigate, remediate, and clean up the hazardous materials moving off Boeing's property and failed to take reasonable steps to do so.  If Landau is shown to have failed, for more than a decade, to remediate the spreading toxic chemical plumes, its liability could be as great as Boeing's.  Thus, the fact that Boeing created the pollution does not in itself render insignificant the damages caused by Landau's alleged failure to investigate and remediate the spreading pollution.

Boeing's assertions that Plaintiffs have failed to plead their claims with sufficient specificity are similarly not persuasive.  The local controversy exception does not require that plaintiffs specify the division of damages between defendants.  In *Coleman*, the plaintiffs alleged that both the in-state defendant and the out-of-state defendant violated California law and sought damages equally from both of them.  *Coleman*, 631 F.3d at 1013, 1020.  This was sufficient to satisfy subsection (aa)'s requirement that plaintiffs seek "significant relief" from the in-state defendant.  *Id*. at 1020. In *Benko*, we held that claims for general damages, punitive damages as a result of deceptive trade practices and fraud, and equitable relief were "sufficient to show that the Plaintiffs claim 'significant relief' from a local defendant." 789 F.3d at 1119.

Taking the allegations in the FAC at face value, as required by *Coleman*, Plaintiffs have sufficiently alleged that they have suffered, and continue to suffer, serious harm to their property and possibly to themselves from Landau's

failure to remediate the pollution.    Plaintiffs have not quantified their alleged damages, but they have specified the damages that they seek from each defendant.[7]    These damages appear to be the same whether caused by Boeing or Landau.  Plaintiffs may not know, and perhaps cannot know at this time, how much of their damages is the result of Boeing's actions and how much is the result of Landau's actions or inactions.    Nonetheless, the FAC sufficiently alleges that Plaintiffs are seeking  significant relief against Landau, thus satisfying this component of the local controversy exception.[8]

---

[7] In the FAC, Plaintiffs seek "the difference between the current value of their properties and such value if the harm had not been done, the cost of remediation actions, costs of repair or restoration, the value of the use of the continuous trespass, injuries to persons, medical costs, medical monitoring, attorneys' fees and expenses as allowed by law, and consequential damages flowing from the contamination which are the natural and proximate result of [Landau's] conduct."

[8] Boeing also asserts that Plaintiffs cannot successfully invoke the local controversy exception because their FAC fails to state a claim of relief that is plausible on its face.   But Boeing inappropriately blurs the distinction between a jurisdictional inquiry and a merits determination under Federal Rule of Civil Procedure 12(b)(6).  *See Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1096 (9th Cir. 2008).    Because our analysis concerning the applicability of the local controversy exception is jurisdictional in nature, we must refrain from addressing the merits of any claim against Landau unless we first conclude that subject-matter jurisdiction exists.  *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("[I]t is well settled that the failure to state a proper cause of action on which relief could be granted is a question of law and . . . it must be decided after and not before the court has assumed jurisdiction over the controversy.").    Accordingly, for purposes of assessing the applicability of the local controversy exception, we can ignore a claim against Landau only if that claim is "immaterial,

The case cited by Boeing in support of its "significant relief" argument, *Opelousas General Hospital Authority v. FairPlay Solutions, Inc.*, 655 F.3d 358 (5th Cir. 2011), does not require differentiation of damages between defendants. As noted by Boeing, *Opelousas* does contain language critical of the complaint's failure to distinguish the conduct of the in-state defendant from the other defendants' conduct. However, *Opelousas* did not address the "significant relief" requirement of subsection (aa), but considered only the "significant basis" requirement of subsection (bb). *Id*. at 361 ("Because failure of either element will require reversal, we elect to focus on the second element—whether the alleged conduct of Louisiana defendant LEMIC forms a significant basis for the claims asserted by the proposed plaintiff class."). *Opelousas* does not suggest that more specific allegations of "significant relief" are required than are set forth in the FAC.

Similarly, *Evans v. Walter Industries, Inc.*, 449 F.3d 1159 (11th Cir. 2006), does not support Boeing's argument that

---

insubstantial, or frivolous on its face." *Williston Basin*, 524 F.3d at 1096 (citing *Bell*, 327 U.S. at 682–83).

But even if we were to address Boeing's assertions on its own terms, we would still reject it. The allegations in the FAC concerning Boeing and Landau and their relationship to the alleged harms suffered by Plaintiffs raise their "right to relief above the speculative level." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court noted that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiffs' complaint meets this standard.

subsection (aa) requires more specific allegations concerning "significant relief." In *Evans*, the Eleventh Circuit held that the plaintiffs' claims did not come within the local controversy exception because (1) the plaintiffs had not carried their burden of demonstrating that more than two-thirds of the plaintiff class were Alabama citizens, and (2) the plaintiffs had not carried their burden of alleging that the in-state defendant was a "significant defendant." *Id*. at 1166–67. The court noted that the complaint did not explain the "significance of the relief" sought from the in-state defendant. *Id*. at 1167. Here, in contrast, Plaintiffs' FAC clearly asserts that all Plaintiffs are seeking relief from Landau for allegedly failing for over ten years to investigate and remedy volatile organic chemicals that were spreading in groundwater.

Following *Coleman* and *Benko*, we agree with the district court that Plaintiffs' allegations are sufficient to meet the requirement of subsection (aa) that they seek "significant relief" from Landau, the in-state defendant.

## B. Significant Basis

CAFA's local controversy exception also requires that the alleged conduct by the in-state defendant "forms a significant basis for the claims" asserted by the class. 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). Boeing offers two arguments in support of its contention that Plaintiffs have not alleged that Landau's conduct forms a "significant basis" for their claims. First, Boeing argues that Landau's involvement, and thus its exposure to liability, is insignificant in comparison to Boeing's involvement and exposure. Second, Boeing questions whether Plaintiffs can state a viable claim against Landau under Washington law. Neither argument is persuasive.

**1**. *Plaintiffs allege sufficient facts to support a determination that Landau's conduct forms a "significant basis" for their claims.*

As previously noted, Boeing's first argument is based on a faulty premise. Boeing contends that because it used the hazardous chemicals that created the toxic plumes for nearly forty years before Landau had any involvement, Landau's conduct cannot be important relative to Boeing's. However, the gravamen of Plaintiffs' claims is not that Boeing used volatile organic chemicals, but that the chemicals have spread beyond Boeing's property. Plaintiffs assert separate claims against Boeing and Landau for their alleged failures to investigate, remediate and clean-up the chemical plumes. Should Plaintiffs prove their claims against Landau, its liability may be as great as Boeing's.

Boeing further asserts that Plaintiffs have not alleged that Landau's conduct forms a "significant basis" for their claims, as required by subsection (bb), because they have not distinguished Landau's acts from Boeing's acts. Boeing argues that Landau is at most an isolated player and that Plaintiffs have failed to establish that Landau's conduct was important relative to Boeing's.

In *Benko* we adopted a comparative approach for determining whether plaintiffs asserted that the conduct of an in-state defendant forms a "significant basis" for their claims. 789 F.3d at 1118 (holding that "[t]o determine if the "basis for the claims" against [the in-state defendant] is important or fairly large in amount or quantity, we compare the allegations against [the in-state defendant] to the allegations made against the other Defendants."). In *Benko*, the in-state defendant was one of six defendants and was responsible for

only 15 to 20 percent of the activities of all defendants. 780 F.3d at 1118–19.  Nonetheless, we concluded that the plaintiffs had "colorable claims"  against the in-state defendant.  *Id*. at 1119.  Here, in contrast, Landau is one of only two defendants and all of the Plaintiffs have asserted claims against Landau.  Following *Benko*, Plaintiffs have adequately alleged claims against Landau that are "important or fairly large in amount or quantity" relative to the claims against Boeing.  *Id*. at 1118.

Moreover, our reasons for rejecting Boeing's similar arguments in regard to subsection (aa) are equally applicable when applied to subsection (bb).  Plaintiffs allege that they have been harmed by Landau's independent failure for over ten years to properly investigate and remediate the spreading toxic chemical plumes.  We do not read the statute, our decisions, or the decisions of our sister circuits as requiring anything more.

**2.** *Plaintiffs have sufficiently alleged a cause of action under Washington law.*

Boeing reiterates the argument it made in its prior appeal in support of its claim of fraudulent joinder: that Plaintiffs have failed to state a viable claim for negligence against Landau under Washington law.  It argues that (a) negligence requires the existence of a duty owed to the complaining party; (b) knowledge of potential future harm does not impose a duty to prevent it; and (c) a voluntarily undertaken duty arises only if the plaintiff detrimentally and reasonably relied on the defendant's affirmative act or the act increased the plaintiff's risk of harm.  Boeing cites *Burg v. Shannon & Wilson*, *Inc.*, 110 Wash. App. 798 (2002), to support its argument.

Boeing recognizes that in *Allen*, 784 F.3d at 634–35, we rejected its fraudulent joinder argument. It asserts, however, that "evaluating whether a claim survives a fraudulent joinder argument (as to which defendant bears the burden, and doubts are resolved in favor of remand) is not the same as evaluating a claim for purposes of applying the local controversy exception (as to which plaintiff bears the burden, and doubts are resolved against remand)." Although the burden of persuasion may shift from the defendant to the plaintiffs, the focus of the court's inquiry remains constant: whether Landau's conduct forms a significant basis for Plaintiffs' claim against the in-state defendant. *See Coleman*, 631 F.3d at 1015. Our prior rejection of Boeing's fraudulent joinder argument does not bar Boeing from asserting that Landau's conduct was not a significant basis for Plaintiffs' claims, but Boeing's arguments remain unpersuasive.

Initially, we reject Boeing's assertion that our language in *Allen*, 784 F.3d at 636, was a command or an invitation for Plaintiffs to amend their complaint. We declined to consider the local controversy exception because (a) it had not been considered by the district court, and (b) Boeing's arguments raised intricate questions of Washington law. We quoted language from *Coleman* that the district court "may, in its discretion, require or permit the plaintiff to file an amended complaint," *id.* (quoting *Coleman*, 631 F.3d at 1021), but specifically left the issue "for the district court to consider," *id.* at 637. The fact that the district court did not require an amendment raises no presumption of error from Plaintiffs' failure to amend their complaint.

Boeing's challenge to the viability of Plaintiffs' claims against Landau is not convincing. First, Boeing fails to appreciate that in assessing the "significant basis" prong

under subsection (bb), we are limited to looking at the pleadings. *Coleman*, 631 F.3d at 1017. This inherently limits the amount of specificity required for a showing that an action falls within the local controversy exception.

More importantly, Boeing does not address the core reasoning for our rejection of its fraudulent joinder argument. In *Allen*, citing *Warner v. Design & Build Homes, Inc.*, 128 Wash. App. 34, 43 (2005), we concluded that the contract between Boeing and Landau could reasonably be construed as intending to benefit Plaintiffs. *Allen*, 784 F.3d at 635.

In *Warner*, the court held that the plaintiffs, who had purchased a home "as is," were not third-party beneficiaries of the implied warranty of habitability or workmanlike performance. However, the court explained that in determining whether there are third-party beneficiaries, "[t]he test of intent is an objective one: Whether performance under the contract necessarily and directly benefits the third party." 128 Wash. App. at 43; *see also Postlewait Constr., Inc. v. Great Am. Ins. Cos.*, 106 Wash. 2d 96, 99 (1986) (en banc) (stating that "the test of intent is an objective one; the key is not whether the contracting parties had an altruistic motive or desire to benefit the third party, but rather, 'whether performance under the contract would necessarily and directly benefit' that party. The contracting parties' intent is determined by construing the terms of the contract as a whole, in light of the circumstances under which it is made.").

Boeing's brief contains no mention of *Warner* or *Postlewait* or the test they articulate, and nothing else in Boeing's brief undermines our determination that Plaintiffs may be able to state a cause of action against Landau. The

case cited by Boeing, *Burg*, 110 Wash. App. 798, is clearly distinguishable. In *Burg*, the court held that homeowners whose houses were severely damaged in landslides had no standing as third-party beneficiaries to sue the engineering firm that had provided the city with an analysis of the stability of certain real property. *Id*. at 800, 808. The engineering firm was "hired by the City to make recommendations about increasing the land's stability." *Id*. at 801. Here, the FAC alleges that Landau did not contract to make only recommendations, but to investigate, remediate and clean up the toxic chemical plumes.

Boeing cites language in *Key Development Investment, LLC v. Port of Tacoma*, 173 Wash. App. 1, 29 (2013), stating "[i]t is insufficient that performance of a contract may benefit a third party, rather the contract must have been entered for that party's benefit or the benefit must be a direct result of performance within the parties' contemplation." But Plaintiffs plead facts sufficient to demonstrate that their properties were intended to and will directly benefit from the performance of the contract. Indeed, plaintiffs and their property appear to be the primary beneficiaries of Landau's and Boeing's undertaking to investigate and remediate the pollution.

In sum, for jurisdictional purposes, Plaintiffs have adequately pled a negligence claim against Landau, as the obvious intended third-party beneficiaries of the Boeing-Landau contract. We therefore agree with the district court that Plaintiffs have adequately alleged that Landau's conduct forms a "significant basis" for their claims, thus meeting the requirement of subsection (bb) and qualifying for the local controversy exception.

**CONCLUSION**

As the district court noted, this action "involves a potential class action with a truly local focus that particularly affects a local area of the State of Washington to the exclusion of all others." Indeed, this appears to be the precise type of case for which the local controversy exception was intended. *See* Senate Judiciary Committee Report, S. Rep. No. 109–14, 39, 2005 U.S. Code Cong. & Admin. News 3, 38. Boeing's arguments that it has greater exposure and that Plaintiffs have not sufficiently articulated their claims against Landau, would appear to be equally applicable to any case where a larger out-of-state defendant is sued along with a smaller in-state defendant and the defendants are alleged to have overlapping responsibilities. Boeing's approach would unreasonably curtail the local controversy exception. Our opinions in *Benko* and *Coleman* weigh heavily against Boeing's approach because they require that the local controversy exception be evaluated only on the complaint and foreclose inquiry into a defendant's financial viability. *See Coleman*, 631 F.3d at 1017. Landau is one of only two defendants and all Plaintiffs assert claims against Landau for its allegedly negligent investigation and remediation of the toxic chemical plumes. These allegations are sufficient to invoke the local controversy exception.

Even assuming that Boeing's second arrow—that Plaintiffs' cannot state a negligence claim against Landau under Washington law—might eventually find its mark, no such prediction can be made at this time. At this point, we only evaluate jurisdiction, not the merits. Moreover, we agree with the Tenth Circuit that the local controversy exception does not require that plaintiffs show that they will

actually recover substantial damages from the in-state defendant. *See Coffey*, 581 F.3d at 1244–45.

We agree with the district court that Plaintiffs' complaint forms a sufficient basis to invoke the local controversy exception. The district court's remand of this case to the state court pursuant to CAFA's local controversy exception is therefore **AFFIRMED**.