# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2024

Lyle W. Cayce
Clerk

No. 23-30800

———————

Alicia R. Dixon; West J. Dixon,

*Plaintiffs—Appellees*,

*versus*

D.R. Horton, Incorporated - Gulf Coast,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-1005

———————————————————————

Before Elrod, Southwick, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Plaintiffs and putative class representatives Alicia R. Dixon and West J. Dixon filed a class action petition for damages in Louisiana state court against D.R. Horton, Inc. and two other defendants. Horton removed the action to federal court, invoking jurisdiction under the Class Action Fairness Act. Plaintiffs then moved to remand the action back to state court, which the district court granted. Horton now requests that the district court's

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30800

remand order be reversed. We hold that CAFA's local controversy exception applies, and accordingly, we AFFIRM the district court's remand order.

I

Horton allegedly constructed the Dixons' Louisiana Home. Horton's co-defendants, Bell Mechanical Services, LLC and Bell Mechanical Holdings, LLC (collectively Bell Mechanical), allegedly installed the home's HVAC system. The Dixons allege that after moving into the home, they experienced numerous problems including water intrusion, mold, and mildew caused by a combination of poor attic ventilation and a defective HVAC system. They initiated this putative class action against both Horton and Bell Mechanical in March 2022, proposing a class consisting of purchasers of Horton-built homes who experienced similar moisture- and HVAC-related damage. Plaintiffs filed an amended petition in December of that year, expanding the putative class.

Three days after Plaintiffs filed their amended petition, Horton removed the action to federal district court, invoking jurisdiction under CAFA. Plaintiffs then moved to remand the action back to state court. The district court granted the motion in part and ordered that the action be remanded, holding that: (1) Horton's removal was untimely under 28 U.S.C. § 1446(b); and (2) CAFA's local controversy exception independently mandated remand.

Horton petitioned this court for permission to appeal the remand order under 28 U.S.C. § 1453(c), which we granted. Horton has separately appealed under 28 U.S.C. § 1291, and that appeal is pending under Case No. 23-30714.

2

II

We review the district court's remand order *de novo*. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 796 (5th Cir. 2007) (*Preston I*). We review the district court's factual findings regarding the citizenship of the parties under the local controversy exception to CAFA jurisdiction for clear error. *Stewart v. Entergy Corp.*, 35 F.4th 930, 932 (5th Cir. 2022). "A finding of fact is clearly erroneous only when although there may be evidence to support it, the reviewing court on the entire [record] is left with the definite and firm conviction that a mistake has been committed." *Preston I*, 485 F.3d at 796–97 (citation and internal quotation marks omitted).

At the threshold, Plaintiffs argue that we lack jurisdiction to review the district court's remand order under 28 U.S.C. § 1447(d), which provides that a remand order is "not reviewable on appeal" unless the action was removed to federal court "pursuant to section 1442 or 1443." We reject this argument. Horton appeals the remand order under 28 U.S.C. § 1453(c), which explicitly states that we may accept such an appeal, "section 1447(d) notwithstanding," so long as an application for leave to appeal is made no more than 10 days after the district court's order is entered (which Horton did). 28 U.S.C. § 1453(c)(1); *Stewart*, 35 F.4th at 931. We have jurisdiction to review the remand order.

Under CAFA, federal courts may exercise jurisdiction over large class action lawsuits where "the proposed class is at least 100 members, minimal diversity exists between the parties, the amount in controversy is greater than $5,000,000, and the primary defendants are not states, state officials, or other government entities." *Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 337 (5th Cir. 2016); *see Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) ("[In enacting CAFA, Congress] was concerned [] that certain requirements of federal

diversity jurisdiction, 28 U.S.C. § 1332, had functioned to kee[p] cases of national importance in state courts rather than federal courts." (citation and internal quotation marks omitted)). The district court held that these requirements for CAFA jurisdiction were met, and Plaintiffs do not contest that determination.

However, even where CAFA's threshold requirements are met, there are exceptions to CAFA jurisdiction that require remand. Notably, CAFA's local controversy exception mandates remand for class actions of a sufficiently in-state character. *See* 28 U.S.C. § 1332(d)(4). Because we find that the local controversy exception applies, we do not address the district court's separate and independent holding that Horton's removal was untimely.

As relevant here, the local controversy exception applies where: (1) "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;" and (2) there is at least one defendant from that same state from whom "significant relief" is sought and "whose alleged conduct forms a significant basis" of the plaintiffs' claims. *Id.* § 1332(d)(4)(A). Horton contests only these two requirements, conceding that the exception's other requirements, which we do not recite here, are met. Plaintiffs need only prove that the local controversy exception applies by a preponderance of the evidence. *Stewart*, 35 F.4th at 932.

Both above requirements are met. First, the district court's determination that greater than two-thirds of the putative class were more likely than not Louisiana citizens was not clearly erroneous. *See Stewart*, 35 F.4th at 932. Plaintiffs' amended petition, as explained by the district court, presents the putative class as "[a]ll persons who purchased a home that was constructed by D.R. Horton . . . in Louisiana between January 1, 2007 and the

present day," and whose homes "suffer[ed] from the same design and construction defects [causing] mold, moisture, humidity, and HVAC problems."[1]

"[A] district court may make a reasonable assumption of CAFA's citizenship requirement from evidence that indicates the probable citizenship of the proposed class." *Id.* at 933 (citation and internal quotation marks omitted). Here, as the district court noted, "owning a home is an indicium of a person's domicile," *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 573 (5th Cir. 2011), and all the homes in question were in Louisiana. In addition, Plaintiffs presented evidence from one Louisiana parish demonstrating that over 80 percent of Horton-built homes in the parish claimed a Louisiana homestead exemption—available only for a person's principal residence. And finally, the district court regarded as relevant the "presumption" of continuing domicile, "which requires the party seeking to show a change in domicile to come forward with enough evidence to that effect." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 819 (5th Cir. 2007) (citation and internal quotation marks omitted). The district court, relying on this evidence, did not clearly err in holding that the two-thirds citizenship requirement was met.

Second, Bell Mechanical is a "significant" Louisiana defendant. Bell Mechanical's conduct forms a "significant basis" of Plaintiffs' claims because, as the district court noted, Plaintiffs allege that Bell Mechanical's HVAC systems "created negative air pressure in the[] homes, . . . result[ing]

---

[1] Horton argues that the district court's reading of the putative class as defined by the amended petition was incorrect, because the district court "redrafted" Plaintiffs' amended class definition by limiting it to persons who purchased homes that included a Bell Mechanical HVAC system and that suffered moisture-related damage. But as we explain below, we agree with the district court and reject this argument.

in excess moisture and humidity levels, causing significant damage." *See also Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 362 (5th Cir. 2011) (plaintiffs' complaint should "distinguish the conduct" of the in-state defendant "from the conduct of other defendants"); *State of Louisiana, ex rel. Div. of Admin. v. i3 Verticals Inc.*, 81 F.4th 483, 490 (5th Cir. 2023). And Plaintiffs seek "significant relief" from Bell Mechanical because, again as the district court noted, "Plaintiffs' [sic] contend that Horton and Bell Mechanical are jointly, severally, and solidarily liable to *all* potential class members for *all* damages." *See also i3 Verticals*, 81 F.4th at 492 ("[A]ll the text [of 28 U.S.C. § 1332(d)(4)(A)] requires is that 'significant relief is sought' from an in-state defendant."); *Phillips v. Severn Trent Env't Servs., Inc.*, No. 07-3889, 2007 WL 2757131, at *3 (E.D. La. Sept. 19, 2007) (relief not significant when it is "just small change in comparison to what the class is seeking from the other co-defendants" (citation and internal quotation marks omitted)).

In response, Horton argues that the amended petition expanded the putative class beyond those persons whose Horton-constructed homes contained a Bell Mechanical HVAC system and suffered moisture-related damage. Therefore, Bell Mechanical is no longer a significant defendant. However, we agree with the district court that, reading the amended petition "as a whole," *see Stewart*, 35 F.4th at 933, the putative class is still sufficiently limited. *See also id.* at 932 ("[To] define the class. . . . [w]e review the allegations set out in Plaintiffs' petition at the time of removal."). This is because the amended petition, when alleging typicality of the putative class, states that "each home suffers from the same design and construction defects and has caused mold, moisture, humidity, and HVAC problems in and with the home." The amended petition does not expand the putative class so much as to render Bell Mechanical no longer a significant defendant.

No. 23-30800

\*       \*       \*

We AFFIRM the district court's remand order.